William J. McBANE, Respondent,

v.

Elinor L. McBANE, Appellant.

No. KCD 28372.

Missouri Court of Appeals, Kansas City District.

June 27, 1977.

Ronald S. Reed, Jr., Stephen J. Briggs, St. Joseph, for appellant.

Richard E. Martin, St. Joseph, for respondent.

Before SOMERVILLE, P. J., and WASSERSTROM and TURNAGE, JJ.

WASSERSTROM, Judge.

On September 29, 1975, the trial court entered judgment dissolving the marriage between the parties, awarding custody of a minor child to the wife, making allowances for child support, dividing the marital property, but denying any award for maintenance. The wife appeals, claiming that an award of at least nominal maintenance should have been given.

The parties were married in 1952. At that time the wife was and has since remained a registered nurse. However, she developed back trouble and from 1962 to 1967 was "completely down." During a ten year period she underwent two surgical operations to her back, with hospitalizations in Boston, Massachusetts, and at Mayo's in Rochester, Minnesota. The surgeries included a laminectomy and fusion of the fourth and fifth lumbar vertebrae.

The wife is presently working as a GN–3 at a State Hospital, earning $700 a month before taxes. However, she suffers a limitation of motion from the back fusion, arthritis, degenerative lipping of the cervical spine, premature aging, and certain conditions which although not yet fully tested are generally symptomatic of collagen degeneration disease.

These physical conditions have some effect presently on her ability to work. She testified that "I have days that I can do something and days that I can't do something * * * If I don't have to lift anything I get along fairly well. If I don't have to climb too many stairs I get along fairly well." However, her work as an RN supervisor does not preclude her having to fill in on duties in the hospital ward where at times she is required to do bed care and emergency care on patients. Dr. Peterson, under whose care she was at the time of trial, testified that these general floor nurse

duties are considered potentially dangerous for the type of problems encountered by this patient. He also testified that the spine fusions had produced a permanent limitation of motion and that such a fusion is apt to produce a herniation of the spinal disk above. Dr. Peterson also found arthritic changes in the lumbar spine, the dorsal spine and the cervical spine. He further testified that the degenerative lipping of the cervical spine could go on to a total stiffening of the cervical spine with an increase of pain and consequent decrease in range of motion, and that if she continues to work in jobs that require much physical effort, more arthritis can certainly be expected.

In Dr. Peterson's opinion, it is possible that this woman can work out her normal working life, but "her probabilities are not equal to those of a normal person" and her chances are not as great as those of a person merely suffering from the usual type of arthritis. If a secondary condition does develop in the portion of the back immediately above the fused vertebrae, that will develop relatively suddenly and Mrs. McBane will be incapacitated as she was with the first herniated disk.

The wife contends that her physical condition is such as to show a real potential need for financial assistance in the future and that nominal maintenance should have been awarded so as to retain jurisdiction. The husband resists any allowance even nominal in amount, and presumably the trial court refused to make any allowance, on the ground that the wife fails to meet the statutory requirements of Section 452.335 RSMo Supp. 1973 which are prerequisite to such an allowance.

The statutory section referred to provides that maintenance may be ordered only if the court finds that the spouse seeking maintenance lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and "is unable to support himself through appropriate employment * * *." As to the property available to Mrs. McBane, the record shows that the family home had a net value after encumbrances of $17,500, in which the court determined that the wife had a one-half interest and was entitled to lien of $5,000 against the husband's one-half interest. The decree also allotted to the wife a one-half interest of $5,350 in the husband's accumulated retirement fund. In addition to that, the wife owns a lot and house trailer worth $2,200, a 1972 Toyota automobile and a one-half interest with the husband in a boat and motor. None of this property is income producing. There is no claim that the listed property is sufficient in itself "to provide for [her] reasonable needs" and it is clear that property would not be sufficient for her needs looking forward to the indefinite future.

The greatest stress in the argument however centers upon the fact that the wife can and does work and is presently self-supporting. The question for determination is whether her physical condition, which may at any time interrupt her ability to work, warrants some provision in the dissolution decree protecting against that possibility.

Although this issue has not been decided under the new Missouri Dissolution of Marriage statute, an affirmative answer has been given to the question under the Colorado statute which is identical to the Missouri statutes in the provisions now in question. In *Davis v. Davis,* 35 Colo.App. 447, 534 P.2d 809, 812 (1975), the wife was employed at the time of the marriage dissolution but there was considerable testimony relative to an ankle disability which caused her some discomfort in her existing employment; and based on conflicting testimony, the trial court found that the wife's existing and future employment status was therefore unstable. Pursuant to that finding, the court awarded the wife maintenance in the nominal amount of $1.00 per year. The husband contended that such allowance was contrary to the Colorado Dissolution of Marriage statute (just as the husband argues here under the parallel Missouri statute) because she was presently employed at a wage which was sufficient to support her. The Colorado Appeals Court held the award for nominal maintenance to be proper:

"We hold that where, as here, the court determines that a spouse may not be able to support herself on a permanent basis due to the effects of an existing injury, reservation of the issue of maintenance for subsequent determination or award of nominal maintenance subject to subsequent review is permissible pursuant to § 14–10–114, C.R.S.1973."

Similarly, although not under an identical statute, the same result was reached in *Evans v. Evans,* 337 So.2d 998, 1000 (Fla. App.1976), where the court held:

"The only other matter in this case we feel constrained to discuss is the trial court's failure to reserve jurisdiction. The wife appears to be able to support herself and the minor child at the present time by teaching school and with the help of child support payments. In a few years, however, the minor child will be emancipated, and the wife will be in her middle or late fifties, a time when health can be a problem, and her ability to compete in the job market will not be the best. For this reason, the trial court should have reserved jurisdiction to consider future alimony for the wife."

The same result was reached under comparable facts in *Pettibone v. Pettibone,* 22 Ariz.App. 570, 529 P.2d 724, 726 (1974). In that case the wife testified that she had medical problems which might affect her future ability to support herself, and based thereon the trial court awarded her alimony of $1.00 per year. The appellate court affirmed, holding:

"It is true that if 'alimony is not necessary for a wife's support and maintenance, then the husband should not be required to pay it.' *Nace v. Nace,* 107 Ariz. 411, 489 P.2d 48 (1971). This proposition of law does not impose time constraints upon when a wife's need for support may arise."

A somewhat similar problem arose and a solution akin to that reached in the above cases was decided by this court in *Carrell v. Carrell,* 503 S.W.2d 48 (Mo.App.1973). In that case, circumstances subsequent to the rendition of the divorce decree required a reduction in the alimony award, and the trial court entered a modification order vacating and completely eliminating the provision for alimony. On appeal, this court pointed out that the modification order might be interpreted in such a way as to prevent a future reinstatement of any alimony. Out of concern for the future needs of the wife under possibly changing circumstances, this court ordered a further modification to provide for reservation by the trial court of jurisdiction to reinstate or otherwise modify the provision for alimony at such future time or times as circumstances might require.

■ Where as here, and in the above cases, the evidence shows a physical condition existing at the time of the marriage dissolution which has a substantial potentiality for disabling the wife from remaining self-supporting, fairness to the wife requires that her existing physical condition be taken into account. It would be impractical to undertake to try to reduce the future possibilities to a present dollar allowance. It is, however, completely feasible for the trial court to retain jurisdiction and to let the matter abide for future developments. If it develops that no change occurs in the wife's condition, then no allowance of substantial maintenance to her will ever be necessary; on the other hand, if her situation takes a turn for the worse, then the extent of her disability and the husband's then ability to contribute to her support can be evaluated at that time.

■ The declination of the trial court in this case to grant nominal maintenance as requested was probably based upon an interpretation of Section 452.335 as barring such ruling. If so, for the reasons already stated, that constituted an error of law. If, in the less likely event that the trial court viewed the evidence as insufficient to show a physical condition on the part of the wife giving rise to a substantial potential need for maintenance, then that conclusion would be against the weight of the evidence. In either event, this court has the power and the duty to modify the decree. *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976).

The judgment is modified by striking out "respondent's request for maintenance is denied" and adding the following: "In order that this court retain jurisdiction to award such maintenance to respondent at such future time or times as circumstances may require, nominal maintenance is hereby awarded to respondent in the sum of one dollar per year."

The judgment as so modified will stand in effect.

All concur.