Virginia M. BELL, Petitioner-Appellant,

v.

Larry G. BELL, Respondent-Respondent.

No. WD32677.

Missouri Court of Appeals,
Western District.

Oct. 26, 1982.

Jack Lukehart, Brunswick, for petitioner-appellant.

Larry G. Bell, respondent-respondent, pro se.

Before SHANGLER, P.J., and PRITCH-ARD and DIXON, JJ.

DIXON, Judge.

The wife appeals from a dissolution of marriage judgment. She contends that the amount of child support awarded was inadequate and that the trial court erred in failing to make a maintenance award.

The marriage of the parties spanned thirteen years. Three children were born during the marriage. At the time of the trial, the children were eleven, nine, and eight years old. The trial court awarded the wife custody of the children and granted the husband reasonable visitation rights.

The husband was ordered to pay the wife $32.50 per child per week as child support. The court awarded the wife $500 for attor-

ney's fees, the marital home, the household furnishings, and her personal effects. The husband received his personal effects. The trial court permitted each party to retain the automobile purchased subsequent to the couple's separation. Each party was to assume responsibility for any indebtedness against the property received.

The house which was set off to the wife was subject to an indebtedness of approximately $8,000. The monthly payments on the house were $114.01, and the equity was approximately $4,000.

The wife testified that including the house payment, her monthly expenses total $796.33. She is not employed, nor does she have any other source of income. The wife testified that she was employed for three or four years during the couple's marriage and three or four years prior to her marriage. That employment had provided a weekly net take-home pay of $55.

Throughout the marriage, the wife maintained the family home, cooked the meals, and cared for the children. She stated she had no type of special training or education to aid her in obtaining employment. At the time of trial, the wife had begun a preliminary search for a job.

The wife suffers from keratoconus, a vision-impairing eye disease for which she has been under a doctor's care for approximately fourteen years. She wears contact lenses to aid her vision. She is uncertain whether the condition would affect her in obtaining employment; however, she stated that she was limited in what she could do because of her eyesight.

The wife introduced into evidence, without objection, statements written by two of the doctors who treated her. Both reported that her vision problem would reduce her employment possibilities.

The husband is employed full-time with gross income of $15,048, including small sums of incidental income from part-time work. The husband estimated his total expenses to be approximately $360 per month.

The husband was providing and would continue to provide medical coverage for the children, but that coverage would not extend to the wife after divorce. The eye care necessary to the wife, previously provided under the husband's coverage, will have to be paid for from the wife's resources.

The wife's first contention is that the child support is insufficient. Section 452.-340 RSMo 1978 lists six non-exclusive factors to be considered in allocating the responsibility for child support. *In re Marriage of Pine,* 625 S.W.2d 942, 945 (Mo.App. 1981); *Oberkrom v. Oberkrom,* 608 S.W.2d 449, 450 (Mo.App.1980); *Guignon v. Guignon,* 579 S.W.2d 664, 666 (Mo.App.1979). These statutory factors are almost exclusively financial in nature. *Oberkrom, supra* at 450.

" 'The duty of the court in setting the amount of child support is to determine the reasonable needs of the children and the reasonable ability of the father to meet those needs.' " *In re Marriage of Pine, supra* at 945, quoting *Fugate v. Fugate,* 510 S.W.2d 705, 706 (Mo.App.1974). The trial court heard evidence concerning the husband's income and expenses and the needs of the couple's minor children for support and education. It cannot be said that the trial court's award was unreasonable or without evidentiary support. The trial court's order with respect to child support is sustained. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

On the issue of maintenance, § 452.-335.1 RSMo 1978 authorizes the trial court to award maintenance to the custodial spouse whose children are of an age which will not preclude him or her from seeking employment outside the home if it finds the spouse seeking maintenance lacks sufficient property, including marital property, to provide for his or her reasonable needs and is unable to support himself or herself through appropriate employment. *Royal v. Royal,* 617 S.W.2d 615, 619 (Mo.App.1981);

*J.A.A. v. A.D.A.,* 581 S.W.2d 889, 897 (Mo. App.1979).

The facts in this record justify the trial court's retention of jurisdiction over the maintenance issue under *McBane v. McBane,* 553 S.W.2d 521 (Mo.App.1977). In *McBane,* the trial court dissolved the parties' marriage in a decree which divided the marital property and awarded the wife custody of a minor child and an allowance for child support. The wife argued that her physical condition was such as to show a real potential need for future financial assistance and that the trial court should have awarded nominal maintenance in order to retain jurisdiction.

*McBane* construed § 452.335 to permit the allowance of nominal maintenance. Stated the court:

> Where as here ... the evidence shows a physical condition existing at the time of the marriage dissolution which has a substantial potentiality for disabling the wife from remaining self-supporting, fairness to the wife requires that her existing physical condition be taken into account. It would be impractical to undertake to try to reduce the future possibilities to a present dollar allowance. It is, however, completely feasible for the trial court to retain jurisdiction and to let the matter abide for future developments. If it develops that no change occurs in the wife's condition, then no allowance of substantial maintenance to her will ever be necessary; on the other hand, if her situation takes a turn for the worse, then the extent of her disability and the husband's then ability to contribute to her support can be evaluated at that time.

*Id.* at 524. Accordingly, the court modified the judgment by deleting " 'respondent's request for maintenance is denied' " and added the following: " 'In order that this court retain jurisdiction to award such maintenance to respondent at such future time or times as circumstances may require, nominal maintenance is hereby awarded to respondent in the sum of one dollar per year.' " *Id.* at 525.

In the instant case, the trial court received evidence from the wife's eye doctors describing her condition and their prognoses. Both expressed doubt concerning the wife's physical ability to handle future employment. And, unlike the wife in *McBane,* the wife herein presently is unemployed and has no special education or training for gainful employment. Thus, her present ability to locate a position with adequate remuneration to support herself and to provide for her future should she be unable to work is not great. If the trial court fails to retain jurisdiction over the maintenance issue, the wife may be without any resources for support in the future.

The evidence shows that the wife suffers from a physical condition which has a "substantial potentiality" for disabling her from remaining self-supporting under the *McBane* standard. Thus, the decree should be modified granting nominal maintenance to allow the trial court to retain jurisdiction. When and if the wife's condition does worsen, the extent of her disability and the husband's then ability to contribute to her support can be re-evaluated.

The trial court order respecting support is affirmed; the order as to maintenance is modified to allow nominal maintenance.

All concur.