Judy Ann BINKLEY,
Plaintiff-Respondent,

v.

Gary Paul BINKLEY,
Defendant-Appellant.

No. 51566.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 10, 1987.

Greg L. Roberts, St. Louis, for defendant-appellant.

Frank A. Bussman, St. Louis, for plaintiff-respondent.

CRANDALL, Judge.

Gary Paul Binkley, (Husband) appeals the division of marital property and the setting aside of separate property in a dissolution of marriage action brought by Judy Ann Binkley (Wife). Husband and Wife were married in 1981 and separated in 1984. There were no children born of the marriage. Both parties are gainfully employed. Neither party sought maintenance. The trial court, after a contested hearing, dissolved the marriage, restored the wife's maiden name, divided the marital property, set aside the separate property, and allocated certain debts to each of the parties. We affirm in part and reverse and remand in part.

Husband first contends that the trial court failed to fully consider § 452.330.1 (1986) in arriving at its division of marital property.[1]

Early in the trial, the trial judge stated in open court:

I'm going to tell you what, gentlemen, we're going to have to shorten this up a little. I'm not going to sit here and listen to 2 days worth of testimony on a marriage that lasted less than 3 years. There are people waiting to have cases heard out here in St. Louis County that are in critical areas. *I can shortcut all this for you very quickly. We are going to add it all up and I'm going to cut it down the middle unless somebody has been guilty of some substantial fault. If that is true then I'm going to give that party less than the other party.* I don't need to hear all this stuff, you know, him taking the car and all that kind of business. Let's get all the property they each own that is clearly theirs and set it aside. Anything marital, fine, I'll take care of that. (emphasis added).

After the trial was concluded, Husband and Wife submitted proposed findings of fact, conclusions of law and decrees. The only factor referred to in Wife's memorandum affecting the division of marital property, other than the value of the property, was the conduct of the Husband. The trial judge adopted the Wife's memorandum verbatim as the findings, conclusions and decree of the court.[2]

The trial court, in a dissolution action, is not required to make an equal

---

1. Section 452.330 RSMo (1986) *Disposition of property, factors to be considered.*–1. In a proceeding for dissolution of the marriage ... the court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors including:

    (1) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;
    (2) The value of the property set apart to each spouse;
    (3) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to

live therein for reasonable periods to the spouse having custody of any children; and
    (4) The conduct of the parties during the marriage.

2. Acceptance, *in toto*, of an advocate's proposed findings of fact, conclusions of law and decree in a contested case, while not *per se* erroneous, is of doubtful utility. *Leady v. State,* 714 S.W.2d 221, 222 (Mo.App.1986). Memorandum from counsel can be helpful to the trial court in drafting its decree. The final decree however, is the court's decree not counsel's. Even the most conscientious advocate cannot reasonably be expected to prepare a document which would reflect precisely the trial court's view of the evidence.

division of marital property, only an equitable one. *Golleher v. Golleher*, 697 S.W.2d 547, 550–551 (Mo.App.1985). The division of marital property is vested in the sound discretion of the trial court. In our review of the decree, we presume the trial court followed the law unless that presumption is contradicted by the record. In determining whether any error appears, we consider the entire record, including the *ex gratia* statements of the trial court. *See Anderson v. Anderson*, 656 S.W.2d 826, 828 (Mo.App.1983).

Section 452.330.1 RSMo (1986) lists four non-exclusive factors to be considered in making a just division of marital property. The trial court announced, prior to submission of the case, that it would only consider one such factor. Such a statement ignores the statutory mandate of § 452.330.1 and constitutes an erroneous declaration of law. Given that erroneous declaration, the presumption of the propriety of the trial court's action is rebutted. We then examine the record to determine whether it can reasonably be concluded that the party claiming error was not prejudiced.

The trial court issued an opinion stating the grounds for its decree. In that opinion the only factor mentioned by the trial court relating to the division of marital property, other than the value of the property, was conduct.

Ordinarily a trial court opinion need not state every ground for a decision, in absence of a specific request pursuant to Rule 73.01(a)(2). In this case, however, the failure to mention other factors is significant. There was evidence in the record, *inter alia*, of each spouse's contribution to the acquisition of marital property. When we consider the opinion in light of the earlier comments of the trial court and in light of the fact that the opinion was an exact copy of the Wife's proposed opinion, we cannot assume that an equitable division of marital property was achieved. We cannot discern whether the other evidence was considered and rejected or simply ignored.

Since it appears from the record that the trial court did not fully consider the statutory mandate of § 452.330.1, we reverse the division of marital property. In view of our holding on Point I we need not consider Points II and III which also relate to the division of marital property.

Point IV claims the trial court erred in awarding Wife one-half of the proceeds of two checks cashed by Husband. Both checks were from an insurance company. The first check in the amount of $575 was made out to both Husband and Wife for the theft loss of a refrigerator. The second check, in the amount of $224, was in the name of Husband and Wife and the two mortgage-holders for property damage to the house itself. Husband contends that the refrigerator in fact belonged to his parents and thus was never marital property. He testified that "[the refrigerator] was given to us to use by my mom and dad.... It is their refrigerator." In his listing of property, Husband also indicated that the refrigerator belonged to his parents. Husband claims that Wife had only $56 in equitable interest in the second check because of the alleged interests of the mortgage-holders.

As to the smaller check for property damage, Husband cannot raise the rights of third persons that are not parties to this proceeding. The mortgage-holders are still free to pursue any claims that they have against Husband and Wife. The only evidence that the refrigerator was not marital property is Husband's testimony at trial and his labeling of the refrigerator in his list of property. In her amended statement of property, Wife states that the refrigerator was marital property. Since the trial court specifically found the Husband was not a credible witness, it was entitled to reject his characterization of the status of the refrigerator.

At trial, Husband admitted forging Wife's signature, cashing the checks, and keeping $799 in proceeds. The trial court found that Husband "improperly endorsed and cashed, during the period of separation herein, two insurance claim checks, each made payable, among others, to petitioner [Wife]." The court further held that the proceeds from the two checks were marital

property. These findings were within the evidence. In view of our holding in Point I, we reverse the division or crediting of the check amounts but uphold the designation of the checks and the proceeds thereof as being marital property.

Husband alleges in Point V that the trial court erred in ruling that Wife's interest in her retirement plan was her separate property. He seeks to have Wife's accumulated contributions to this plan, made during the marriage, declared marital property. Both parties agree that the contributions are marital property.

Our review of the record indicates that the trial court implicitly held that the Wife's *contributions* were marital property subject to division. The court found that "Any contributions made by the petitioner [Wife] to the plan and held by it for her pending vesting or retirement are awarded to the petitioner herein." We agree with the designation of the contributions as marital property but reverse the division in accordance with Point I.

In his final point, Husband alleges error in the trial court's ruling that Wife's interest in a joint savings account held with her mother was not divisible as marital property. Based on Wife's testimony, the trial court found that the account was a "nonmarital asset belonging to the petitioner [Wife] and her mother jointly" and that "substantially all of the funds therein had been deposited there by petitioner's [Wife's] mother."

The record reveals that Wife's mother withdrew $5,462 from the account after the separation of the parties but before the dissolution of their marriage, leaving a balance of $50. Wife's mother is not a party to this lawsuit and any claims Husband may have against her cannot be adjudicated in this litigation. There is no evidence that the Wife ever received any part of the money which was withdrawn nor did she claim any part of it in her expense and income statement. Further, there is nothing in the record to indicate the improvident dissipation by the Wife of the money that was withdrawn, even if it *was* marital property, that would require a credit to Husband's share of the marital property. *Compare Barringer v. Barringer*, 514 S.W.2d 114 (Ky.1974) (immediately after hearing wife was filing for divorce, husband sold $25,000 in stock and spent it on a cruise and gambling spree). The remaining $50 balance is *de minimus* and will not be addressed separately. Husband's final point is denied.

The dissolution of the marriage and the restoration of the wife's maiden name, neither of which are contested on appeal, is affirmed. The setting aside of separate property to the respective parties is affirmed. Under the facts of this case we affirm the allocation of certain debts. We reverse the division of marital property and remand for further proceedings not inconsistent with this opinion.

PUDLOWSKI, P.J., and KAROHL, J., concur.