**James A. EDERLE,**
**Appellant/Respondent,**

v.

**Terri EDERLE, Respondent/Petitioner.**

No. 52664.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 29, 1987.

Christophe Karlen, Clayton, for appellant/respondent.

Terry A. Bond, Clayton, for respondent/petitioner.

GARY M. GAERTNER, Presiding Judge.

James A. Ederle (hereinafter referred to as Husband) appeals the decree of dissolution ordered by Judge Samuel J. Hais in the St. Louis County Circuit Court. Husband raises four points on appeal. First, he argues that the trial court improperly adopted and entered the decree of dissolution. Second, he maintains that the trial court erred in dividing the marital property when it awarded him only $2,819.00 as his interest in the marital house. Third, he alleges that it was error for the trial court to order him to pay Terri Ederle (hereinafter referred to as Wife) $2,127.50 as and for her attorney's fees. Lastly, he asserts that the trial court erroneously ordered him to pay $80.00 per week in child support. Finding Husband's contentions to be without merit, we affirm.

The evidence reveals that the parties were married on July 10, 1982, and that one child, Jessica Ann Ederle, was born of the marriage. The parties separated on October 27, 1984, and proceeded to have their marriage dissolved. Prior to the dissolution trial, both Husband and Wife stipulated that their marriage was irretrievably broken and could not be preserved. At trial, neither party presented any evidence of marital misconduct. At the close of the trial, Judge Hais ordered counsel for each party to submit findings of fact, conclusions of law and a proposed decree of dissolution. Counsel for each party complied with this order. On October 8, 1986, Judge Hais signed the proposed decree of dissolution which had been prepared by Wife's counsel and entered it *in toto* as the trial court's decree of dissolution. Additional facts will be set forth as they become warranted by our discussion of the issues.

In his first point, Husband argues that the trial court improperly entered the decree of dissolution, as the trial court adopted *in toto* the proposed decree of dissolution prepared by Wife's counsel. At the outset, we observe that the adoption in its entirety of a proposed decree of dissolu-

tion is not *per se* erroneous. *Binkley v. Binkley*, 725 S.W.2d 910, 911 (Mo.App., E.D.1987). Moreover, in reviewing such a decree, we presume that the trial court properly applied the law unless that presumption is contradicted by the record. *Id.* at 912.

Appellate review of a decree entered by a trial court sitting without a jury is exceedingly circumscribed. The decree must be sustained unless there is no substantial evidence to support the decision, the decision is against the weight of the evidence or the decision erroneously declares or applies the law. *In re Adoption of W.B.L.*, 681 S.W.2d 452, 454 (Mo. banc 1984). Furthermore, where it is reasonably possible to do so, the decree "should be construed so as to give [it] force and effect ... make it serviceable instead of useless, and support rather than destroy it." *Gunkel v. Gunkel*, 633 S.W.2d 108, 110 (Mo.App., E.D.1982). Our concern is whether or not the trial court reached the proper result; this court's role is not to determine what reasons may have guided the trial court in making its judgment. *C.L.R. v. L.B.R.*, 555 S.W.2d 372, 375 (Mo. App., S.D.1977). The Missouri Supreme Court has ruled that a correct decision will not be disturbed because the trial court gave a wrong or insufficient reason for its judgment. *Edgar v. Fitzpatrick*, 377 S.W. 2d 314, 318 (Mo. banc 1964). Thus, as it was not *per se* erroneous for Judge Hais to adopt the proposed decree of dissolution prepared by Wife's counsel, our inquiry is limited to whether or not the decree is supported by substantial evidence, is not against the weight of the evidence, and neither erroneously declares nor applies the law. *Bull v. Bull*, 634 S.W.2d 228, 229 (Mo.App., E.D.1982). As will be shown by our discussion of the decree's provisions as to the marital property, attorney's fees and child support, we find that the trial court's decree did reach the correct result. *C.L.R. v. L.B.R.*, 555 S.W.2d at 375; *Edgar v. Fitzpatrick*, 377 S.W.2d at 318. This point is denied.

In his second point, Husband maintains that the trial court erred in awarding him $2,819.00 as his interest in the couple's house. Initially, we note that the division of marital property is a matter within the trial court's sound discretion. *Colabianchi v. Colabianchi*, 646 S.W.2d 61, 64 (Mo. banc 1983). In order for this court to interfere, the division must be so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. *Cartwright v. Cartwright*, 707 S.W.2d 469, 471 (Mo.App., E.D.1986). Further, it is not necessary that the division be precisely equal; it need only be just. *Cartwright*, 707 S.W.2d at 474. Applying this standard of review and upon a careful consideration of the facts as set forth in the record, we find no abuse of discretion. The trial court's order that Husband was entitled to a payment of $2,819.00 from Wife was part of an overall equitable distribution of the marital property. This point is denied.

In his third point, Husband alleges that the trial court erred in ordering him to pay Wife $2,127.50 for her attorney's fees. We presume that the trial court's order is correct; it is Husband's burden to show that the ruling manifests an abuse of discretion in that it is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of deliberation. *Potter v. Desloge*, 658 S.W.2d 83, 85 (Mo.App., E.D.1983). There was substantial evidence for the trial court to conclude that Husband's earnings were considerably more than Wife's earnings. We find no abuse of discretion as to the award of attorney's fees. *See Hemphill v. Hemphill*, 710 S.W.2d 438, 439 (Mo.App., E.D. 1986). This point is denied.

Finally, Husband asserts that the trial court committed error when it ordered him to pay $80.00 per week to aid in the support of Jessica Ann Ederle. We recognize that the amount of child support is within the sound discretion of the trial

court; this court will defer to that court's decision "unless the evidence is 'palpably insufficient' to support it." *Roberts v. Roberts*, 652 S.W.2d 325, 328 (Mo.App., W.D.1983). *See also Murphy v. Murphy*, 613 S.W.2d 450, 451 (Mo.App., E.D.1981). The facts indicate that Jessica Ann's total monthly expenses are approximately $629.62. A precisely equal contribution by each parent toward her support would result in Husband paying approximately $78.00 weekly. However, substantial evidence supports the finding that Husband's wages exceeded those of Wife. Thus, we cannot state that the trial court abused its discretion. This point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.