Martin R. KREITZ, Plaintiff–Appellant,

v.

Janet A. KREITZ, Defendant–Respondent.

No. 52440.

Missouri Court of Appeals, Eastern District, Division Two.

May 10, 1988.

Charles A. Harter, Hillsboro, for plaintiff-appellant.

David J. Barton, Arnold, for defendant-respondent.

PUDLOWSKI, Judge.

This appeal by the husband, Martin Raymond Kreitz, arises out of the entry of a decree of the Circuit Court of Jefferson County which dissolved his marriage of more than seventeen years to Janet Ann Kreitz. Husband asserts eleven points of error. We affirm in part, reverse in part and remand.

The parties were married on December 13, 1968. Three children were born of the marriage: Bryan David, born August 6, 1969; Jennifer Leigh, born March 5, 1973; and James Eric, born October 22, 1978. Husband is a general building contractor who had operated a business out of his home for about five years before the parties separated. The wife had not been employed for about thirteen years, but after the separation, she resumed her career as a registered nurse.

On September 27, 1985, wife was granted an ex parte order of protection under the Adult Abuse Act, Sections 455.010–.085,

RSMo 1986, which barred the husband from the marital home. After the wife informed him of the order, husband drove his truck through the brick garage wall in a fit of rage. Extensive damage to the garage and its contents resulted. In addition, he smashed the windows in the house, the glass in the doors, two skylights and some furniture. He also chopped two holes in the roof with an axe. No one was home during this destructive episode.

Husband estimated the damage to the home at $2,000. Wife estimated the damage at approximately $9,000. She had been unable to complete all the repairs, but had spent $1,500 to $2,000 on materials for the repairs that had been completed by friends and relatives for her.

Husband filed for divorce on October 2, 1985. In addition, he requested that the ex parte order be dismissed. After a hearing, the court entered a permanent order enjoining husband from entering the marital dwelling except for the basement and garage areas between the hours of 8:00 a.m. to 12:00 p.m., Monday through Friday, so that husband could have access to his business supplies and equipment. The order concluded: "This order is to remain in force until further [order] of the court." Neither party was pleased with this arrangement.

On January 27, 1986, after a hearing on pending motions, the dissolution court entered an order pendente lite against husband which directed that the husband "will have two weeks to remove the remainder of his construction equipment from the premises now occupied by his wife...." The order also stated: "[c]hildren shall spend times of visitation under the same arrangements as they are presently visiting with [husband]...." Wife contends that this consisted of meeting for the transfer at a car-wash, but husband denies that he agreed to this procedure.

When the husband returned the youngest son to the marital home after a period of temporary custody on June 30, 1986, a disagreement erupted between the husband and his elder son and a sheriff's deputy was called to the home. Husband and the deputy entered the house and the husband removed several items that he claimed were property of his business. The wife was not home at this time.

The following day, the wife requested a temporary restraining order. As a result, the court heard the arguments of counsel on July 11, 1986. The court allowed no evidence, declared that "these people are pathetic, absolutely pathetic" and ordered husband "to stay off the property."

The husband contends that the wife interfered with his business during the period of separation by obstructing his efforts to remove his tools and a trailer from the property. He also claims that she impeded his efforts to contact, visit or take temporary custody of their children.

The wife accused the husband of removing items from the home which she needed to cut firewood for heat and to maintain the property, of having the electricity turned off and the phone disconnected, of failing to pay child support and family bills and of ignoring the children and complicating visitation.

Both husband and wife testified that husband's income before the separation was approximately $800 per month. An unspecified amount of additional remuneration may have been received in the form of barter. Husband testified that the separation caused difficulty in conducting his business and had, therefore, reduced his income to approximately $150 per month. His monthly expenses were approximately $1,290.

After the separation, the wife estimated her monthly income from her nursing position at a local hospital at $1,500 and her monthly expenses at $1,142. However, she also testified that she earned $952 every two weeks and that she made $9.42 per hour plus $1.75 per hour shift differential which would result in earnings of $1,921 per month.

After two days of testimony, the trial concluded with the court's announcement:

Gentlemen, on the record, this matter's going to be taken as submitted. You are going to supply this Court with a sug-

gested decree, each of you, in a final form that you are going to defend before the Court of Appeals.

You will do that ten days from today, jointly. I don't want your briefs; I don't want your briefs. I want a suggested decree outlining in minutia, all the things that you have put in the record about the push broom and nuts and bolts and whatever else.

You will supply that to me ten days from today, jointly.

The suggested decrees were timely submitted. On October 17, 1986, the court signed the proposed decree submitted by wife's counsel. Husband moved for a new trial or in the alternative to correct the decree, but the court overruled the motion. The Decree of Dissolution awarded custody of the children, the marital residence and its contents to the wife. In addition, she received a 1977 Scout, the property in her possession and several guns that were in the possession of the sheriff's department.

Husband was awarded the business and personal property in his possession, a $2,227.86 I.R.A. account, two vehicles, a boat and a trailer on the marital property if he removed it within sixty days. He was ordered to pay some family debts including outstanding medical bills, the Visa and Mastercharge debts and the wife's attorney's fees of $1,200. A judgment was entered against husband in the amount of $1,710 for unpaid child support, and he was ordered to continue to pay $90 per week child support. During the separation, the wife had paid $2,180 of the indebtedness on the marital residence to avoid foreclosure. The remaining $13,000 debt was assigned to the wife.

The decree enjoined the husband from entering upon the marital premises at any time except to remove the trailer. It also required him to return several items in his possession to the wife and to maintain the same health insurance for the children as he had prior to the separation.

In a bench tried case, the decree of the trial court will be sustained unless no substantial evidence supports it, it is against the weight of the evidence or it erroneously declares or erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Husband first contends that the trial court abused its discretion when it adopted in its entirety the proposed decree submitted by the wife's counsel. We have previously observed that the adoption in its entirety of a decree of dissolution proposed by one of the parties is not per se erroneous. *Ederle v. Ederle,* 741 S.W.2d 883, 884–85 (Mo.App.1987); *Binkley v. Binkley,* 725 S.W.2d 910, 911 (Mo.App.1987). While the procedure does not result in a presumption of error, it is not wise to make a practice of accepting an advocate's proposed decree in a contested case. *Binkley,* 725 S.W.2d at 911, n. 2. In this case, the decree adopted by the court is deficient in several respects. Moreover, it lacks the necessary judicial consideration and polish.[1] The trial court shirks its responsibility when it imposes upon this court the necessity of reviewing in minute detail the parties' proposed decrees. We must reverse portions of this decree which were erroneously entered as a result of the practice.

Husband's second and third point are closely related. He urges this court to find that the trial court erred because it made no finding as to the marital or nonmarital nature of the property of the parties and that the court erred in classifying certain property as marital. The trial court found that all the property of the parties was marital in nature. This includes the business known as Martin Kreitz and Associates and the property and equipment used in the business. This decision is correct because the parties organized and financed the new business after they had been married for a substantial number of years. Thus, this case is clearly distinguishable from the cases husband relies on such as

---

1. We are aware of the trial court's frustration with the parties and their attorneys because this court has experienced the same sensation. The briefs and arguments of both parties were so inadequate that they were of minimal use to this court in the consideration of this appeal. Nevertheless, the legal issues of this case deserve judicial consideration.

*Carter v. Carter,* 616 S.W.2d 543 (Mo.App. 1981).

■ The trial court, however, did err in awarding the wife a .22 caliber Colt rifle. It was undisputed that the rifle was the husband's separate property. He had purchased it as a young man before the marriage. Generally, property acquired before the marriage which remains titled in the original owner is separate property unless the record shows the owner's intent to change the property's status to marital property. *Boyce v. Boyce,* 694 S.W.2d 288, 290 (Mo.App.1985). There was no evidence offered that the rifle was anything other than the husband's separate property. It should, therefore, be set apart as his separate property in the decree.

■ Husband's fourth assertion of error maintains that the trial court awarded the wife an unjust share of the marital property. The law does not require an equal division of marital property; it requires that the distribution be fair. *Daniels v. Daniels,* 557 S.W.2d 702, 705 (Mo. App.1977). This is a matter that rests in the sound discretion of the trial court. *Id.* This is particularly true when a party has engaged in marital misconduct. *In re Marriage of Witzel,* 727 S.W.2d 214, 217 (Mo. App.1987). The wife received the marital residence; the equity in the residence was found to be worth approximately $16,000. The desirability of awarding the family home or the right to live therein to the spouse having custody of the children is a factor to be considered in dividing marital property. Section 452.330, RSMo 1986; *Daniels v. Daniels,* 675 S.W.2d 29, 34 (Mo. App.1984). The husband's misconduct in this case was the significant intentional damage done to the marital residence, the repair of which became the wife's responsibility. This is a factor that the trial court should properly consider. Husband and wife otherwise received a fairly equal amount of property, but husband's property is income producing, whereas the personal property awarded to the wife was basically household goods.

Moreover, there is no evidence that the trial court considered only the misconduct

of the husband in the distribution of the property. The fact that the wife's current income is twice what her husband earned prior to the separation is not dispositive. Furthermore, the testimony of the husband with regard to a decrease in income from $800 to $150 per month did not necessarily have to be believed by the trial court. We find that there was no inequity in the division of property in this case.

■ We have reviewed husband's fifth allegation of error and find it to be without merit. The permanent injunction included in the dissolution decree is not vague, overbroad or harsh considering the circumstances. The court enjoined the husband from "entering upon the premises at any time." There can be no doubt as to the court's meaning. On the same day that the wife filed her Cross–Petition for Dissolution, she filed a motion requesting an injunction; therefore, the husband's argument that the trial court exceeded the relief requested is patently frivolous. Furthermore, husband's contention that the court violated Rule 92.02(c) when it did not require the wife to execute a bond is equally without merit. Rule 92.02(c) reads: "No injunction or temporary restraining order, *unless on final hearing or judgment,* shall issue ... until the plaintiff ... shall have executed a bond...." The permanent injunction of which husband complains was incorporated in a final decree of dissolution. This point is denied.

Husband's sixth and seventh points relate to the trial court's protective orders. Counsel for the husband concedes in his brief that these issues are moot. Both orders have expired and were replaced by a valid permanent injunction. We agree that these points are moot; therefore, we deny points six and seven.

■ Husband's eighth point contends that the trial court erred in limiting his visitation and temporary custody of his children. We agree. The decree reads:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Respondent, JANET ANN KREITZ, is awarded the primary custody of the three (3) mi-

nor children, BRYAN DAVID KREITZ, JENNIFER LEIGH KREITZ, and JAMES ERIC KREITZ. Petitioner is awarded reasonable rights of visitation and temporary custody as arranged to by the minor children, BRYAN DAVID KREITZ, JENNIFER LEIGH KREITZ and JAMES ERIC KREITZ. If agreed to by JAMES ERIC KREITZ, Petitioner may exercise temporary custody of JAMES ERIC KREITZ on alternate week-ends from Friday at 6:00 P.M. to coincide with the week-ends that Respondent works. Respondent and Petitioner are to deliver and pick up JAMES ERIC KREITZ at the appointed times for temporary custody at the TURTLE WAX CAR WASH.

This indefinite approach to visitation was rejected by this court in *McFadden v. McFadden,* 509 S.W.2d 795 (Mo.App.1974). In *McFadden,* we stated:

> We note that the time and location of temporary custody of the two oldest children by plaintiff is to be determined by the children themselves. We believe it is unwise to accord children the authority and power to determine when they are to be placed in the temporary custody of the other parent who does not have their permanent custody. Obviously this is a matter which should be determined by the parents themselves under a plan fixed by the court.

*Id.* at 800.

None of the children testified during the dissolution proceedings in this case. We do not intend to imply that the children's wishes are irrelevant to the determination of temporary custody and visitation; however, their views were not before the court. Even if the court had the testimony of the children before him, that testimony is to be used in determining a reasonable schedule for the father to have access to his children. The decree entered in this case does not provide certain and reasonable rights of visitation. Where husband was not found to be an unfit parent, the trial court should encourage a continued relationship between the divorced parent and child by ensuring that the parent has a right to reasonable access to the child. *Leimer v. Leimer,* 715 S.W.2d 310, 313 (Mo.App. 1986).

■ Husband in his ninth point asserts that the trial court erred in awarding attorney's fees and costs to the wife because the court failed to consider the financial resources of the parties and because the wife failed to show that she could not afford her attorney's fees. section 452.355, RSMo 1986, begins: "The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party ... for attorney's fees ...." Although the husband's misconduct in this case was a factor, it was an abuse of discretion for the trial court to order the husband to pay the wife's attorney's fees in light of the fact that her monthly income was more than twice that of the husband and exceeded her monthly living expenses. *See Weiss v. Weiss,* 702 S.W.2d 948, 957 (Mo.App.1986).

Husband's two final points on appeal were not briefed or argued before this court. Where a point of error is not developed in the argument portion of a brief, it is not properly presented for review. *Giessow v. Litz,* 558 S.W.2d 742 (Mo.App.1977).

Considering the errors we have previously detailed, we remand this case to the trial court to fashion a decree consistent with our opinion.

STEPHAN, P.J., and DOWD, J., concur.