**Thelma Ann STELLING, Appellant,**

v.

**Robert Lewis STELLING, Respondent.**

**No. WD 40587.**

Missouri Court of Appeals,
Western District.

April 18, 1989.

Gary L. Stamper, Columbia, for appellant.

William D. Rotts, Columbia, for respondent.

Before NUGENT, P.J., and CLARK and FENNER, JJ.

NUGENT, Presiding Judge.

Petitioner Thelma Ann Stelling appeals from a portion of the decree dissolving her marriage to respondent Robert Lewis Stelling. The parties agreed that the marriage was irretrievably broken and that Mrs. Stelling should retain primary custody of the two children born of the marriage. Mrs. Stelling argues on appeal, however, that the $400 monthly child support award is insufficient and that the court erred in failing to award her maintenance or attorney fees. We affirm.

Mr. and Mrs. Stelling married in 1968. Their union produced two children: Lora Stelling, born October 20, 1973, and Julie Stelling, born September 7, 1976. Lora was born with Down's Syndrome and suffers from learning disabilities, although she does attend school. With the help of a tutor, she has progressed in her education. Julie was described as a bright student.

The parties separated shortly after Mr. Stelling's admitted involvement in an extramarital affair. The church that the Stellings attended subsequently removed Mr. Stelling from its membership rolls. He moved to the west coast and eventually found employment in Reno, Nevada.

Mr. and Mrs. Stelling both earned income from regular employment during their marriage. At the time of trial, Mrs. Stelling worked as a consulting dietitian. The court found that her gross income amounted to $1,299 per month, with a net income of $1,166 per month. Her expenses, including child care, tutoring for Lora, music lessons for both girls, and a regular tithe to her church, amounted to $1,862 per month. Mr. Stelling earned $1,906.66 per month from his employment as a laboratory technician. His net income amounted to $1,430 per month, and his expenses including charitable donations and payment on installment contracts totalled $1,325 per month.

The Stellings amassed a net marital estate worth approximately $200,000. That included a marital house worth $93,000 on twelve acres, three automobiles, a 6.2 acre tract of real estate, and a $39,000 mortgage and note from the sale of their business. No debt encumbered the home or the automobiles. The mortgage paid them $365 per month. After their separation, Mr. Stelling directed the mortgagor to make payments to Mrs. Stelling. The primary assets awarded to Mr. Stelling included the mortgage, the separate real estate, and two of the automobiles. His share of the property division amounted to $87,274. Mrs. Stelling received marital property worth $121,142, including: the house, its furnishings, and an automobile. The parties agreed that the children would each receive $10,000 custodianship accounts held in their names.

Following the hearing the court ordered both parties to submit proposed findings of fact and conclusions of law. The respondent submitted his proposed findings on March 8, 1988, and the court adopted that submission and then ordered the petitioner to prepare a decree. She submitted a decree, dated March 15, 1988, and the court signed it. That decree, however, differed from the findings of fact and conclusions of law that the trial court had previously accepted. The differences included a finding that the respondent's monthly expenses totalled $900 instead of the previously accepted $1,325, a $700 rather than a $400 monthly child support payment, additional restrictions on the respondent's visitation rights and an award of $1,500 attorney's fees. The decree awarded property to the wife that the original findings had allocated to the husband, including: 6.2 acres of real estate adjacent to the family home, the mortgage from the sale of the business, and a $4,500 investment account.

The court signed the petitioner's decree. On March 25, 1988, the respondent filed a motion to set aside the decree. The court sustained that motion on March 29, 1988, and entered a decree that adopted and substantially conformed to the previous findings of fact and conclusions of law. In the portions of the decree from which Mrs. Stelling now appeals, the court entered a child support order of $225 per month for Lora and $175 per month for Julie. It denied Mrs. Stelling's requests for maintenance and an attorney's fee.

In her first point on appeal the petitioner argues that the court abused its discretion in setting aside its original decree and entering a decree that reduced the aggregate child support award from $700 per month to $400 per month.

This issue arises in large part because neither the original findings of fact and conclusions of law nor the original decree could truly be said to reflect the court's judgment. Mr. Stelling's attorney prepared the findings of fact and Mrs. Stelling's counsel prepared the original decree. Both documents betray their partisan origins. Besides the differences listed above, the language contained in the documents reflects their partisan nature. The husband's findings of fact implicitly accuse the wife of neglect, of misleading the court and of misusing court procedures. They explicitly condemn the wife for acting unjustly and unfairly and for publicly embarrassing respondent, undermining respondent's community, social and religious affiliations, all causing Respondent to move to another state.[1]

The wife's proposed decree also exuded partisanship. It undermines the husband's credibility, emphasizes his marital misconduct and praises the wife's industry and generosity. Ironically enough, the wife's proposed decree finds that the husband acted unjustly and unfairly and accuses him of publicly embarrassing her, undermining her community, social and religious affil-

iation, all causing her public embarrassment and humiliation.

When a court adopts verbatim a party's proposed findings of fact and conclusions of law no per se error occurs. *Ederle v. Ederle,* 741 S.W.2d 883, 884–85 (Mo.App.1987); *Binkley v. Binkley,* 725 S.W.2d 910, 911 (Mo.App.1987). However, the problems that resulted in this case could have been avoided by adherence to the *Binkley* court's admonition:

> Acceptance, *in toto,* of an advocate's proposed findings of fact, conclusions of law and decree in a contested case, while not *per se* erroneous, is of doubtful utility. *Leady v. State,* 714 S.W.2d 221, 222 (Mo.App.1986). Memorandum from counsel can be helpful to the trial court in drafting its decree. The final decree however, is the court's decree not counsel's. Even the most conscientious advocate cannot reasonably be expected to prepare a document which would reflect precisely the trial court's view of the evidence.

725 S.W.2d at 911, n. 2.

We recognize that trial counsel may provide the court with valuable assistance in dealing with a full docket. Counsel will better serve the court, however, if they save their argument and partisanship for the trial and the briefs. A document submitted as the judgment of the court should be free of partisan hyperbole and bile. Correspondingly, the trial court should critically examine the parties' submissions and employ only those portions of them that accurately describe the court's judgment. The decree should reflect the "necessary judicial consideration and polish" expected in such a document. *Kreitz v. Kreitz,* 750 S.W.2d 681, 684 (Mo.App.1988) (reversing in part because of legal errors in the decree prepared by a party).

Nevertheless, our review of the record reveals no ground for reversal. An appellate court will presume that the trial court properly applied the law unless the record contradicts that presumption. *Ederle, su-*

---

**1.** In fairness to the husband, we note that his proposed findings admitted the wife's fitness as a parent and his marital misconduct. It also provided for the wife to receive a larger share of the marital estate.

*pra,* 741 S.W.2d at 885. The trial court's review of the decree upon the respondent's motion and its decision to replace that decree with the March 29 decree show the "necessary judicial consideration" of the issues before it. Therefore, we will reverse the decision regarding child support only on a showing that the court abused its discretion. *Hogrebe v. Hogrebe,* 727 S.W.2d 193, 195 (Mo.App.1987).

■ Here, we find no abuse of discretion. The court considered the income and expense statements filed by each party. According to those documents, the $400 monthly child support award will fail to make up the gap between the petitioner's expenses and her income but will also cause a shortfall for the respondent. The shared burden reflects an appropriate balancing of interests by the trial court. *See Mueller v. Jones,* 583 S.W.2d 222, 224 (Mo. App.1979) (the trial court properly distributed the burden of supporting the child between parents with scarce resources). In light of Mrs. Stelling's continued income from her employment and the distribution to her of the marital home and an automobile, both unencumbered by debt, we find no abuse of discretion in the $400 child support award.

■ Petitioner's next point alleges error in the trial court's refusal to award her maintenance. The portion of her argument under this point asserting that she lacked sufficient marital property and income to meet her reasonable needs lacks merit. She received free of debt a $93,000 home with all of its furnishings and a 1986 automobile. She earns $1,299 per month from her employment and receives $400 monthly child support. Those circumstances do not support a finding that the court abused its discretion in failing to award her maintenance. *See Featherston v. Featherston,* 710 S.W.2d 288, 291–92 (Mo.App.1986) (although wife had no job at the time of divorce, the trial court properly refused maintenance where wife received $64,000 worth of real estate and an automobile). Although her income and the child support

failed to supply sufficient funds to meet her monthly expenses, the court's disposition leaves Mr. Stelling with a shortfall as well. When a maintenance award will leave the obligor unable to meet his own needs, the trial court need not award maintenance sufficient to meet all of the needs of the party seeking maintenance. *Stoerkel v. Stoerkel,* 711 S.W.2d 594, 594 (Mo. App.1986) (reducing maintenance award from $1,200 to $600).

■ Alternatively, Mrs. Stelling argues that because of her responsibility to care for a disabled child, the court should have at least kept the issue of maintenance alive by awarding a nominal amount. She cites *McBane v. McBane,* 553 S.W.2d 521 (Mo. App.1977), to support that proposition. In *McBane,* the wife, although employed at the time of divorce, suffered from chronic back problems. Because aggravation of those problems could remove her ability to work, the court modified the trial court's decree to include a $1.00 annual maintenance award. By so doing the court kept alive the issue of maintenance should the wife's health problems change her financial needs. *Id.* at 524.

The *McBane* reasoning does not apply to the instant case. Here, Mrs. Stelling seeks to keep the maintenance issue alive not because of her own disability but because of her daughter's anticipated future needs. Child support, however, will adequately provide for those needs. Not only may the support be increased if Lora's circumstances change, *see* § 452.370 [2], but Missouri statutes now provide that the court may extend support obligations for a physically or mentally incapacitated child beyond the age of eighteen. § 452.340.4 [3] Because the existing law provides adequate measures to insure Lora's continuing support, we see no need to extend *McBane* to the present circumstances.

■ Finally, Mrs. Stelling argues that the court abused its discretion by failing to award her attorney fees. This point has no merit. The record reveals no actions by

---

2. Revised Statutes of Missouri, 1986.

3. Revised Statutes of Missouri, Supp.1988.

Mr. Stelling that would increase Mrs. Stelling's costs of pursuing the instant litigation. Although Mr. Stelling's income exceeds that of Mrs. Stelling, we find no disparity sufficient to warrant a finding that the trial court abused its discretion.

Accordingly, we affirm the trial court's decision.

All concur.