**In re the Marriage of Sue E. HENDERSON, Respondent,**

v.

**David R. HENDERSON, Appellant.**

**No. 59199.**

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 10, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 10, 1992.

Application to Transfer Denied Feb. 25, 1992.

Theodore S. Schechter, Michael Schechter, Schechter & Watkins, P.C., Clayton, for appellant.

Charles P. Todt, Michael C. Todt, Bruce F. Hilton, Charles P. Todt and Associates, St. Louis, for respondent.

SMITH, Presiding Judge.

Husband appeals from the pendente lite order of the court in this dissolution action. The parties were married in October 1979 and separated in February 1989. Wife's petition for dissolution was filed on November 16, 1989. There is one son of the marriage.

In February 1990, the parties signed a pendente lite agreement in an effort to maintain two households and preserve the assets of the marriage. The

agreement was never filed with the court. Paragraph 10 of that agreement provided "Wife's PDL motion may be reset and heard at her election in the event of a violation of this Agreement by Husband AND THIS ORDER ENTERED WITHOUT FURTHER HEARING." (Emphasis in original). Husband contends that pursuant to that agreement the court lacked authority to do anything other than enter the agreement as the pendente lite award. As indicated the agreement was not a part of the court file and had never been approved by the court. There was no written motion made to have the agreement entered as the pendente lite decree and the request at hearing was less than clear that husband was making a motion to that effect. Rule 55.26 requires particularity of the grounds of the motion and the relief or order sought. We do not find compliance with that Rule here. Additionally, the agreement itself is not clear that wife's only recourse in the event of violation of the agreement was the entry of the agreement as the pendente lite order. It allows wife at her election to reset for hearing her pendente lite order. It further provides that the order may be entered without further hearing. The agreement provides both for hearing and for no hearing. It is at least ambiguous whether the agreement gives the wife a choice of proceeding with a hearing or alternatively to have the order entered without hearing. We find no error in the action of the trial court in proceeding with a hearing and entering a pendente lite order which varied from the agreement in some particulars.

■ Husband next contends that the court erred in arriving at the amount of child support and maintenance because it utilized an incorrect amount for husband's income. No question exists that the amount utilized by the court reflected the husband's income in the year preceding the pendente lite hearing. During the first seven months of the calendar year of the hearing his income was comparable to the prior year and the years preceding that year. Husband is employed by a closely held corporation. He is one of two persons owning 37.5% each of the stock of the corporation. He and the other main stockholder are the founders of the company and the two main managing officers. Several months before the hearing the salaries of these two officers were cut by 50%. The other officer had a substantially lower initial salary and has other sources of income. The explanation for this reduction testified to by both officers was that they anticipated difficult times ahead for the company because of the economy. Other testimony indicated that the company was not yet in difficulty, that sales had not declined, and that profits were roughly equivalent to previous years.

■ In making child support and maintenance determinations the trial court may properly consider both past and present earnings. In certain circumstances the court may impute an income to a spouse according to what he could have earned by use of his best efforts to gain employment suitable to his capabilities. *Hogrebe v. Hogrebe*, 727 S.W.2d 193 (Mo.App.1987) [2]. This rule is specifically applicable to a spouse who voluntarily reduces his income. *Id.* [3]. The trial court makes the evaluation of credibility. The trial court here could have discounted the explanations given for the reduction in salary of the husband and attributed to him an income based on his previous salary history. The awards made were based upon the level of income historically earned by the husband. The court did not abuse its discretion in utilizing that income level. Husband further challenges the award of maintenance on the basis that the total amount of maintenance and child support is beyond his capacity to pay. Our calculations do not establish that to be true. Husband's total obligation under the decree, including payment of the home mortgages, amounts to $3197 monthly. His annual salary with bonus is approximately $80,000. He has historically received a substantial bonus which he in large part is responsible for setting. In the previous year that bonus amounted to $15,000. His total monthly living expenses are $1770. Wife's maintenance was set at $500 by the court and child support was set at $738 plus $200 per

month for day care so wife could attend school to prepare herself for employment. The major part of husband's obligation under the decree is the payment of $1759 per month to cover the two mortgages on the marital home occupied by the wife and son. This, of course, is a marital asset in which husband has a substantial interest. We are unable to conclude that the trial court abused its considerable discretion in its award of child support and maintenance or that husband is unable to meet his obligations under the decree and still have adequate income for his own living expenses.

 Husband next contends that the awards made by the court are vague and unenforceable. To a degree we find merit in that contention. The decree required husband to make the monthly payments on the mortgages to United Postal. Husband complains that without further identification of the mortgages he could be subjected to additional payments if wife were to obtain additional mortgages on the property. While we consider it extremely unlikely that wife could by herself obtain a third mortgage from the same lending institution on property held by the entireties the trial court on remand should amend the decree to identify the mortgages involved. The decree provides for a payment of $200 per month for day care for the son. We find no imprecision in this part of the decree. The decree further provides that husband is to pay wife's automobile expenses, except gas and oil, including tire expense and wife's automobile insurance and family's medical insurance, all uncovered claims to be divided equally. The evidence at the hearing established that the automobile and insurance expenses had over the years, and at the time of hearing, been paid by the husband's employer. The court's decree cannot compel such payment by the employer and did not purport to do so. The decree does not establish dollar amounts for these expenditures or any standards by which the amounts can be established. The decree is not sufficiently certain to be enforceable. *Tepper v. Tepper*, 763 S.W.2d 726 (Mo.App.1989) [3]. The cause is remanded for entry of a decree more specific and definite as regards those items.

 Finally, husband contends that wife should receive no maintenance because she is capable of employment to support herself. The court heard considerable evidence on the wife's actions to obtain additional education to pursue a career in art for which she had received some earlier education. We find no abuse of the court's discretion in determining that wife needs maintenance pendente lite in order to pursue that education to prepare herself for that field of employment.

Cause is remanded for further proceedings in conformity with this opinion.

KAROHL and AHRENS, JJ., concur.