Ronald L. SATTERLEE,
Petitioner–Appellant,

v.

UNITED STATES of America, State of Missouri and Douglas County, Missouri, Respondents.

Nos. 18639 to 18641.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 7, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Sept. 24, 1993.

**366**

Ronald L. Satterlee, pro se.

Gary R. Allen, William S. Estabrook, Janet A. Bradley, John T. McGuire, Dept. of Justice, Tax Div., Washington, DC (Michael A. Jones, U.S. Atty., Springfield, of counsel), for U.S.

William L. Webster, Atty. Gen., Carole Lewis Iles, Gretchen Garrison Hunter, Asst. Attys. Gen., and Michael L. Paup, Acting Asst. Atty. Gen., Jefferson City, for State of MO.

Daniel P. Wade, Pros. Atty., Douglas County, Ava, for Douglas County.

PER CURIAM.

Appellant filed three separate actions seeking "declaratory judgment". The trial court dismissed each petition "for failure to state a cause of action". Appellant has filed a separate brief in each of these causes and upon submission the causes were consolidated.

■ Appellant's briefs fall well short of complying with Rule 84.04 which recites the form and content necessary for a brief in this court. Neither the statement of facts, points relied on, nor argument comply with Rule 84.04. By not substantially complying with Rule 84.04, appellant preserves nothing for appellate review. *Simpson v. Galena R–2 School Dist.*, 809 S.W.2d 457 (Mo.App.1991); *Federbush v. Federbush*, 667 S.W.2d 457, 458 (Mo.App.1984); *Pillow v. Sayad*, 655 S.W.2d 816 (Mo.App.1983).

■ All parties, whether or not represented by an attorney, are bound by the same rules of procedure. *Johnson v. St. Mary's Health Center*, 738 S.W.2d 534, 535 (Mo.App.1987). When an appellant's brief fails to identify wherein and why the trial court erred, plain error review under Rule 84.13(c) is not appropriate. *Arenson v. Arenson*, 787 S.W.2d 845, 846 (Mo.App.1990). It is not the function of this court to search the record to identify possible errors and to research issues so revealed. *Id.* Appellant's briefs fail to preserve anything for appellate review.

All pending motions are now denied as moot. The appeals are dismissed.

All concur.