In re the Marriage of Suzanne F. FRISELLA, Petitioner/Respondent,

v.

Francis J. FRISELLA, Respondent/Appellant.

No. 62966.

Missouri Court of Appeals, Eastern District, Division Two.

March 22, 1994.

John E. Bell, St. Louis, for respondent, appellant.

Kimaasa Sindel, Clayton, for petitioner, respondent.

CRAHAN, Judge.

Francis J. Frisella ("Husband") appeals from an order of the Circuit Court of the City of St. Louis granting Suzanne Frisella's ("Wife") motion to modify the original Decree of Dissolution ("Decree") and denying Husband's cross-motion to modify. We affirm.

The parties' marriage was dissolved on November 13, 1984. The Decree of Dissolution incorporated the parties' Separation Agreement. The Separation Agreement provided for, *inter alia*, child custody, child support, waiver of maintenance by both parties and the distribution of marital property, including the marital residence. Specifically, Paragraph 24 of the Separation Agreement contained the following provision for disposition of the marital residence:

> Upon sale of the said real property, which, in all events, shall occur no later than June 30, 1985, *unless extended by Husband, in his sole and absolute discretion,* each party shall receive, after satisfaction of the said promissory note secured by a deed of trust and all costs of sale, including real estate commissions, one-half (½) of the proceeds of sale of the said real property.

(emphasis added). Further, Paragraph 33 of the Separation Agreement set forth the following provision concerning modification of the Separation Agreement by the parties or the court:

> All provisions hereof shall be incorporated into the decree of dissolution; provided, however, that only the provisions with respect to child custody and child support, being Paragraphs 1, 2 and 3 hereof, shall be subject to modification in the future as and when the circumstances and the law allow, upon the application of either party. All remaining provisions of this Agreement shall be binding upon the heirs, legal representatives and assigns of the parties and *not subject to future modification by this or any other court* due to a change in circumstances of either party.[1]

(emphasis added).

On December 12, 1986, Husband and Wife executed a document entitled "Stipulation and Modification of Decree of Dissolution" ("Stipulation").[2] The Stipulation provided for refinancing of the marital residence and granted Wife the sole right of occupancy without rent. Each party agreed to pay one-half of the secured debt and one-half of the real estate taxes. They also agreed to the following provision with respect to disposition of the property:

> Upon the graduation of the minor children from high school, unless extended by Hus-

---

1. Wife does not dispute that these restrictions on modification were authorized by law. *See* § 452.325.6 RSMo 1986.

2. The Stipulation acknowledged joint and mutual consideration. The evidence at trial disclosed that the property had been unsuccessfully offered for sale and that refinancing enabled the parties to pay off joint and individual bills.

band, in his sole and absolute discretion, the [marital residence] shall be sold, and the proceeds of sale paid, after satisfaction of the promissory note payable to [Bank] ... and all costs of sale, including real estate commissions, one-half (½) to Wife and one-half (½) to Husband.

On March 28, 1990, Wife filed a motion to modify the Decree requesting: (1) an increase of Husband's child support obligation retroactive to the date of the motion; (2) a clarification of the Separation Agreement regarding the term of Husband's obligation with respect to the child support for the two minor children; and (3) an award of Wife's attorney's fees.

Husband filed a cross-motion to modify requesting: (1) an award of joint legal and physical custody of the minor children; (2) increased periods of temporary custody and visitation; (3) reduction in the amount of child support paid by Husband; and (4) an order requiring Wife to comply with Paragraph 24 of the Separation Agreement by selling the former marital residence and dividing the net proceeds equally between the parties. Husband's motion also alleged that Wife had sufficient earnings and support, "direct and indirect," from Husband to meet the needs of the children.

On September 11, 1992, the trial court entered its order, denying Husband's cross-motion to modify and granting Wife's motion to modify in the following respects: (1) awarding an increase in child support to $244.20 per week; (2) enforcing the provisions of the Stipulation; (3) awarding retroactive child support to Wife in the sum of $9,349.00; and (4) awarding $5,000.00 to Wife's attorney for fees.

The standard of review in a domestic relations action is the same as in any court tried action. The order must be affirmed if it is supported by substantial evidence, is not against the weight of the evidence and neither erroneously declares nor applies the law. *Halliday v. Boland,* 813 S.W.2d 34, 36 (Mo.App.1991).

*Enforcement of Stipulation*

For his first point, Husband argues the court erred: (1) in not enforcing the sale provisions in the Separation Agreement incorporated in the original Decree, and (2) in including in the modification decree an order that Husband "continue to carry out his obligations under" the Stipulation.

The court did not err in refusing to order Wife to sell the real estate. Husband reserved the right to change the date of sale of the divided martial residence specified in the Separation Agreement which was incorporated in the original Decree. The Separation Agreement called for a sale not later than June 30, 1985. However, the Separation Agreement also reserved to Husband the right to change the date for sale "in his sole and absolute discretion." In the Decree, the court ordered the parties to perform their obligations under the Separation Agreement. In the Stipulation entered into in 1986, the parties extended the date of sale to correspond with graduation of the youngest child from high school, "unless further extended by Husband." The agreement to change the date of sale did not change the Decree, but complied with one of its terms and changed Wife's obligation. Wife is no longer obligated to sell before the revised date and the court did not err in so finding and ruling.

The second part of the claim of error has merit. The modification decree includes an order that Husband "carry out his obligations under" the 1986 Stipulation. The Stipulation was nothing more than a contract between the parties regarding management of their property. It changes a number of rights and obligations of the parties from those assumed in the Separation Agreement which was incorporated in the original Decree.

The Separation Agreement noted an obligation to a bank in the form of a note and first deed of trust. The Separation Agreement assigned to Wife the sole obligation to pay the note and deed of trust, subject to Husband's monthly payment to her of $321.00 a month, a contractual non-modifiable amount. The parties also agreed to

divide real estate taxes, past and future, insurance premiums and repairs.

The 1986 Stipulation related to a new loan with a different bank where part of the proceeds were used to pay off the former loan. Both Husband and Wife were to be liable to the new lender. Each agreed to make one-half of the monthly payment on the note and deed of trust. Wife agreed to pay all insurance premiums. The differences are not substantial but the subject matter of the agreement was management of what was formerly the family residence and was divided in the decree of dissolution as marital property.

Neither of the parties requested the modification court to consider incorporating the 1986 Stipulation into the modification decree. It was mentioned in Wife's reply to Husband's cross-motion to modify only as a defense against Husband's request for an immediate order of sale. The provisions of the 1986 Stipulation were not before the court and the issue of an order of enforcement was not tried by the parties.

■ There is a further reason why the enforcement order is erroneous. The subject matter of the 1986 Stipulation was management of previously divided marital property. The dissolution court could not acquire subject matter jurisdiction over such property after the original Decree became final. § 452.330.5 RSMo Cum.Supp.1993.[3] To the extent that the modification order purports to adjudicate and enforce the parties' contractual rights and obligations in dealing with their previously divided marital property, the court acted in excess of its jurisdiction. The parties may have contractual rights which are subject to enforcement but not in a motion to modify. The only provision of the 1986 Stipulation which was relevant to the modification issues was the revised sale date. Accordingly, in the exercise of our authority to give such judgment as the trial court ought to have given, we order that paragraph (B) of the ordering clauses on page 17 of the trial court's findings of fact and conclusions of law pertaining to Husband's obligations to

carry out the terms of the Stipulation be stricken. Rule 84.14.

*Child Support*

Next, Husband contends that the trial court erred in ordering an increase in Husband's child support payments because (1) the trial court's calculation of Husband's income was incorrect; (2) Wife failed to present any evidence as to an increase in the children's expenses or any change in Husband's earnings since the time of the original decree; and (3) Wife's testimony rebutted any presumption under Rule 88.01.

■ We will first address Husband's contentions concerning the calculation of his income. Husband was employed as a supervisor-carpenter for a construction company. Husband also owned two buildings containing rental properties and performed carpentry work for individuals on the side. Husband does not dispute the trial court's findings that his wage and salary income from his employment as a supervisor-carpenter for the five years prior to trial was:

| 1987 | $39,779.00 |
| 1988 | $40,400.34 |
| 1989 | $57,258.00 |
| 1990 | $66,267.00 |
| 1991 | $60,059.00 |

The hearing was held in April, 1992. Husband's wage and salary income from January 1 through March 31, 1992 was $19,998.00. At the time of trial, however, Husband's wage and salary income was only $884.00 per 40 hour week, which would yield $45,988.00 on an annual basis.

At the hearing, Husband testified that his wage and salary income of the prior two years and the first quarter of 1992 reflected substantial amounts of overtime attributable to a single large construction project which had been completed as of the time of trial. According to Husband, construction work had slowed considerably, prompting his employer to lay off a substantial portion of its work force. Although Husband did not expect to be laid off, he did not anticipate any

---

**3.** Section 452.330.5 provides: "The court's order as it affects distribution of marital property shall

be a final order not subject to modification; ..."

substantial amounts of overtime work for the foreseeable future. Husband's witness, Mr. Moxey, a construction estimator for Husband's employer, generally confirmed Husband's testimony and stated that overtime opportunities were considerably diminished. Mr. Moxey also testified that Husband was one of their key people and that, despite the current slowdown, he expected the company to obtain more work in the future.

The trial court found that Husband's wage and salary income for the two calendar years prior to trial averaged $63,163.00. Further, if Husband's first quarter earnings continued throughout the year, his earnings for 1992 would have been nearly $80,000.00 and, even accepting Husband's assertion that no overtime would be available for the balance of the year, he would earn at least $55,358.00, not counting any side jobs or rental income. The court expressly determined that Husband had been evasive about his income from side jobs and that the opportunity for such work would increase to the extent that Husband was not required to work extensive overtime hours for his employer. Accordingly, weighing all of these factors and giving Husband the "benefit of the doubt" with regard to the diminished opportunity for overtime, the trial court calculated Husband's income on Form 14 by averaging Husband's wage and salary income for the two prior years with the average projected income for the current year, arriving at a figure of $63,150.33.

Husband maintains that this figure amounts to an erroneous imputation of nearly $18,000 per year beyond his actual income at the time of trial. We disagree. Although the trial court found that $63,150.33 was the amount of income that should be "imputed" to Husband on Form 14, in proper context it is clear that the trial court was making a determination of what the evidence indicated Husband's income likely *would be* on a current and continuing basis. Due to the fluctuations in Husband's income, the trial court properly weighed all of the available evidence, including Husband's projections, Husband's income history, Husband's evasiveness about other outside income and evidence concerning the outlook for additional overtime opportunities.

In determining child support, the trial court may properly consider both past and current earnings. *Henderson v. Henderson,* 822 S.W.2d 474, 476 (Mo.App. 1991). Here, although there was evidence to support a higher figure, the trial court expressly gave Husband the "benefit of the doubt" by factoring in his projections of reduced overtime. The resulting figure is a reasonable projection of Husband's continuing level of income and is supported by the evidence. Contrary to Husband's vehement protestations, the court was not required to utilize Husband's earnings for the month or week of trial in the face of substantial evidence that such earnings were not consistent with historical levels or necessarily representative of the future. We find no error in the trial court's calculation of Husband's income for purposes of calculating child support pursuant to Form 14.

Husband also contends that the evidence was insufficient to justify any increase in child support because Wife failed to establish either her or the children's expenses as of the time of the original decree or how much such expenses had increased. Further, Husband complains that Wife failed to establish Husband's earnings at the time of the original decree so as to support a determination that any increase had occurred. These contentions are without merit. The cases upon which Husband relies predate the mandatory application of Rule 88.01 and the amendment of § 452.370 RSMo Cum.Supp. 1993. Under § 452.370 as amended, a party need no longer provide the sort of evidence Husband maintains was lacking if application of the guidelines and criteria set forth in Rule 88.01 to the financial circumstances of the parties would result in a change in child support from the existing amount by twenty percent or more. Such proof by itself establishes a prima facie showing of a change in circumstances so substantial and continuing as to make the present terms unreasonable and mandates a determination of child support in conformity with the criteria established in Rule 88.01. *See Beeler v. Beeler,* 820 S.W.2d 657, 662 (Mo.App.1991).

Here, the amount of child support Wife was receiving at the time of trial was $140.00

per week and the amount calculated by the trial court pursuant to Form 14 and the criteria set forth in Rule 88.01 is $244.20 per week, a difference of more than twenty percent. This is a prima facie showing of a change in circumstances justifying modification of the child support award. Therefore, Wife was not required to provide the "before and after" evidence posited by Husband.

Finally, Husband contends that Wife's testimony as to her expenses for the children established that her actual expenses were well below the amount calculated pursuant to the guidelines. Relying on *Harding v. Harding*, 826 S.W.2d 404, 407 (Mo.App.1992), Husband urges that such evidence thereby rebutted the presumption under Rule 88.01 that the amount calculated pursuant to Form 14 is appropriate. We find it unnecessary to consider whether a movant's own evidence may rebut the presumption under Rule 88.01 because Husband's premise is incorrect. Although Wife did identify certain specific expenses, such as amounts incurred for tuition, Wife never purported to submit evidence of the children's current aggregate financial needs, nor, as discussed above, was she required to do so. Although Husband's attorney cross-examined Wife about a statement of expenses completed some two years prior to the hearing, the statement was never introduced in evidence. Further, Wife testified that it was out of date and did not reflect the children's current needs. Such evidence did not, as a matter of law, rebut the presumption under Rule 88.01. Point denied.

### *Retroactivity*

In his next point, Husband contends the trial court erred in awarding child support retroactive to the date of summons because it held that Wife was entitled to receive such full retroactivity "as a matter of law" and because the evidence does not support such an award.

■ Section 452.370.6 RSMo Cum.Supp. 1993 permits modification of a child support order as to installments which accrued subsequent to the date of personal service. It is within the trial court's discretion to make the award retroactive and we will not reverse that decision absent a clear abuse. *Rothfuss*

*v. Whalen*, 812 S.W.2d 232, 240 (Mo.App. 1991).

■ Although Husband isolates and emphasizes the court's use of the phrase "as a matter of law" in describing its holding, the court expressly recognized that the award was a matter of discretion. The court did not impute any delay to Husband, but found it would be unfair to refuse to award retroactive support when the record is clear that Husband's income for the two years the case was pending averaged $63,163.00 per year, and Wife's income averaged $27,917.00. Additionally, the court found that it would be equally unfair to calculate the child support allowing for Husband's purported prospective decrease in current income, but then fail to give some relief to Wife who has worked two years to have her cause heard while the child support remained essentially the same as she received in 1984.

Husband urges, however, that the trial court abused its discretion in making the award retroactive by relying on an erroneous view of the parties' disparity of income and by ignoring his voluntary payment of an extra $65.00 per month, his voluntary payments of one-half of one-half of Wife's housing expenses and his purchase of expensive clothing, toys and outings for the children. Husband argues that the trial court's view of the parties' disparity in gross income is skewed because a proper assessment of the disparity would require the court to add the amount of child support paid over the two years to Wife's income and deduct it from Husband's. We disagree. Wife's receipt of child support post-filing is fully taken into account by the fact that only the *difference* (*i.e.*, the increase) in child support is made retroactive. Further, the trial court fully credited Husband's extra $65.00 per month payments in its calculation of the difference, crediting Husband with payments of $156.00 per week rather than the $140.00 child support amount required by the Decree. Husband's payment of one-half of the housing expense is in no sense "voluntary." It is an obligation set forth in the Decree and continues until the sale of the residence. As for amounts Husband expended for clothing and gifts, Wife testified that such expenditures often consist-

ed of expensive, impractical items which did not relieve her of the expense of obtaining more practical, everyday items. We find substantial evidence in the record to support the trial court's award and no abuse of discretion in awarding retroactive child support.

## Attorney's Fees

█ Husband contends that the trial court erred in ordering him to pay the full amount of Wife's attorney's fees. Section 452.355(1) expressly grants the court discretion to order a party to pay the other party's attorney's fees. We will not disturb an award of attorney's fees unless the aggrieved party shows an abuse of discretion. *Schaffer v. Haynes*, 847 S.W.2d 814, 822 (Mo.App. 1992). We find no abuse of discretion. An extended opinion on this point would have no precedential value. Point denied. Rule 84.-16(b).

## Findings of Fact and Conclusions of Law

█ In his last point Husband contends that the trial court erred in adopting in *toto* the findings of fact and the conclusions of law and judgment proposed by Wife. Although it may not always be wise, the adoption in its entirety of a party's proposed findings of fact and conclusions of law is not *per se* erroneous. *Stelling v. Stelling*, 769 S.W.2d 450, 452 (Mo.App.1989). Consequently, our inquiry is limited to whether the judgment is supported by substantial evidence, is not against the weight of the evidence, and neither erroneously declares nor applies the law. *Ederle v. Ederle*, 741 S.W.2d 883, 885 (Mo.App.1987). The findings and conclusions of the trial court satisfy this standard.

The judgment of the trial court is affirmed as modified in this opinion.

CRANE, P.J., and KAROHL, J., concur.