**In re the Marriage of Gerald D. LOCKE, Petitioner/Respondent,**

v.

**Jakye L. LOCKE, Respondent/Appellant, Roberta M. Locke, Intervenor.**

No. 66800.

Missouri Court of Appeals, Eastern District, Northern Division.

June 30, 1995.

Branson L. Wood, III, Hannibal, for appellant.

James D. Terrell, Hannibal, for respondent and intervenor.

GRIMM, Chief Judge.

In this domestic relations matter, the trial court granted husband's motion to modify seeking a reduction of child support. In addition, the court awarded him restitution for payments he made on a loan assigned to wife in the divorce.

Husband's mother was allowed to intervene. The trial court also awarded her restitution for payments she made on the loan. Moreover, the court imposed a trust in her favor on wife's residence.

Wife appeals. We modify by deleting the trust which the court imposed, and affirm.

## I. Background

We state the facts in a light most favorable to the judgment and review under the standard enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). Husband and Wife were married on September 5, 1971. In 1981, they purchased a home on a contract for deed. The property was used as their marital residence.

Husband and wife became delinquent on their payments. Facing loss of the property, husband went to his mother for help. She agreed to help by putting up a $20,000 certificate of deposit as collateral for a loan.

On September 19, 1986, husband and his mother signed a note to Commerce Bank for $13,650.22. That sum was deposited in husband's mother's account. She then wrote a check for that amount and paid off the balance due on husband and wife's residence.

Wife did not sign the bank note. Nor did she or husband give husband's mother a security interest in the residence. The bank note required $150 monthly payments. Husband and wife made those payments for five years.

On November 4, 1991, the parties' marriage was dissolved. They filed a stipulation and agreement which the trial court approved. Paragraph 6 of the agreement states:

> 6. It is the view of the parties that there is approximately $18,000.00 in equity in the residence property owned by the parties. [Husband] does hereby agree to assign, transfer and quit claim to [wife] all his right, title and interest in said residence property to be [wife's] separate property, subject to the indebtedness thereon, and [wife] agrees to pay said indebtedness. In exchange [wife] does release all interest she may have in [husband's] Retirement Plan at American Cyanamid Company.

In the agreement, husband and wife stipulated that wife should have custody of their two children. Husband agreed to pay child support of $500.00 per month.

Following their divorce, wife made the $150 monthly payments on the loan until August, 1992. At that time, husband contacted wife because mother was wanting to get her CD released from the debt. Wife attempted to borrow the money elsewhere, but was unable to do so. After discovering that the Commerce Bank loan was not secured by the house, wife ceased making payments.

Husband made several payments, totaling $2,033.17. Husband's mother needed the money from her CD, so she cashed it in, applying $11,445.26 to the balance of the loan.

On January 22, 1993 husband and his mother filed a "Motion to Modify, Motion for Contempt, and Petition for Damages." In Count I, husband sought a reduction of child support. Counts II and III sought contempt and damages for wife's failure to pay the indebtedness on the home. Husband's mother joined in Count III. In Count IV, she prayed that a trust be imposed on the house for $11,445.26.

The trial court granted judgment in favor of husband and against wife for $2,033.17, less a $735.52 setoff. Also, the trial court granted husband's mother a $11,445.26 judgment against wife and ordered wife to hold the property in trust for her to the extent of the judgment. Finally, the court reduced husband's support obligation to $432.00 per month.

## II.

■ Wife's first point alleges the trial court erred in granting husband's motion to modify child support because there "was no evidence of a substantial and continuing change of circumstances and the provisions of the original decree are reasonable." Child support awards may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms of the original decree unreasonable. § 452.370.1.[1] If the current support deviates by twenty percent or more from the support prescribed by the guidelines and the criteria in Rule 88.01, a prima facie case has been

---

1. All statutory references are to RSMo 1994.

established. *Id.* The burden is on the party seeking modification to establish the changed circumstances. *Buckman v. Buckman,* 857 S.W.2d 313, 317 (Mo.App.E.D.1993).

Father did not establish a prima facie case under the twenty percent rule of § 452.370.1. However, our inquiry does not stop there. Father may still establish changed circumstances independent of the twenty percent rule. *See McMickle v. McMickle,* 862 S.W.2d 477, 481 (Mo.App.W.D.1993).

The original decree required husband to pay $500.00 per month in child support. At that time, the parties hoped that their 18–year old child would attend college. Wife was given custody of the two children, and, although not clearly worded, it appears that the $500 child support was for two children.

The 18–year old child did not attend college. In May or June, 1993, he moved to husband's home. Husband's Form 14 reflected that his statutory obligation for support of one child was $432.00 per month.

■ Generally, the obligation of a parent to support a child terminates at age 18, unless the child is incapacitated or is enrolled in school. § 452.340.3, .4, and .5. Here, although "hoped for," the child did not enroll in an institution of vocational or higher education after graduation. That fact, and the decrease in wife's expenses due to his emancipation, is sufficient to support the trial court's determination of a substantial and continuing change of circumstances. Point denied.

### III.

In her second point, wife alleges the trial court erred in granting husband's mother's claim for a resulting trust on the property. Wife contends that husband's mother did not have any beneficial interest in the property and the "uncontroverted evidence established that her guarantee and pledge of collateral was part of a loan transaction which is wholly inconsistent with a resulting trust."

We first observe that confusion exists as to the type trust involved. Husband's mother's petition contains only one reference to a trust. In the prayer to her petition, she "prays the Decree of this Court enforcing said trust, declaring [wife] to be trustee of said property" for husband's mother. In its decree, the trial court ordered that wife "hold the following described real estate in trust" for husband's mother until wife satisfied the judgment awarded husband's mother.

Wife's brief premises error in the award of a resulting trust. However, husband's mother argues that the trial court did not grant a resulting trust. Rather, she contends the court granted a constructive trust. Under the facts before us, the trial court could not grant either trust.

■ A resulting trust is an inappropriate remedy in this case. "A resulting trust must arise, if at all, at the instant the deed is taken." *Duncan v. Rayfield,* 698 S.W.2d 876, 879 (Mo.App.S.D.1985). Here, husband's mother paid off the debt on the property in 1986 when she and husband borrowed money from Commerce Bank. Title to the property was deeded at that time to husband and wife.

"Unless the transaction is such that the moment the title passes the trust results from the transaction itself, then no trust results. It cannot be created by subsequent occurrences." *Pizzo v. Pizzo,* 365 Mo. 1224, 295 S.W.2d 377, 385 (banc 1956); *Duncan,* 698 S.W.2d at 879. Here, a resulting trust would be inappropriate because it would be based on occurrences subsequent to the passing of title.

■ A constructive trust is also inappropriate in the present case. A constructive trust is a method by which a court exercises its equitable powers to remedy a situation where a party has been wrongfully deprived of an interest in property "as a result of fraud or in violation of confidence or faith reposed in another." *Fix v. Fix,* 847 S.W.2d 762, 765 (Mo.banc 1993). No such evidence exists in this case.

We reverse that portion of paragraph 5 of the trial court's judgment ordering wife to hold property in trust for husband's mother. We note in passing that husband's mother may have a lien on the real estate by operation of law. § 511.350.1

## IV.

In her third point, wife alleges the trial court erred by "awarding a money judgment in favor of [husband's mother] and against the wife based on the decree of dissolution because [she] was not a party to the dissolution case and was not entitled to make any claim based upon the provisions of the decree which required the wife to pay liens against the marital residence." It appears, although it is not entirely clear from this point or the argument, that wife alleges husband's mother's action for damages is in a sense an attempt to enforce a dissolution decree to which she was not a party.

Although wife did not sign the loan papers and the house was not used as security, the trial court could properly assign the primary responsibility to pay the debt to wife. *See In Re Marriage of Welch*, 795 S.W.2d 640, 644–45 (Mo.App.S.D.1990). Thereafter, husband's mother was required to pay a debt which wife agreed to pay. Wife has been unjustly enriched by the use of husband's mother's CD to pay her debt. Her action is independent of the decree. Point denied.

## V.

In her fourth point, wife alleges the trial court erred in granting a money judgment in favor of husband's mother because her claim was barred by the five year statute of limitations in § 516.120.[2] Wife claims that the trial court granted judgment based on an oral contract, governed under this statute.

This argument is without merit. Arguably, the earliest possible time any action could have accrued is in November, 1991, when wife agreed to pay the debt on the house, or in August, 1992, when wife refused to make any more payments on the debt assigned to her. Suit was filed January 22, 1993. Under either, the suit was timely filed. Point denied.

## VI.

In her final point, wife alleges the trial court erred in entering a money judgment in favor of husband for the payments he made on the loan. She argues that she cannot be liable for the loan because "she was not a party to the loan transaction." Our southern district colleagues addressed a similar issue. In *Welch*, wife deeded a piece of real estate to husband prior to, and in contemplation of, their marriage. *Welch*, 795 S.W.2d at 643. A prior mortgage was paid off by wife's father, creating a loan from him. *Id.* at 641. Husband did not participate in borrowing the money, nor did he sign any agreement. *Id.* at 645. However, the trial court assessed primary responsibility of the debt to husband upon dissolution of the marriage. *Id.*

The southern district held that the debt was indeed a "marital debt" even though it was not joint and was not signed by husband. *Id.* at 644–46. Accordingly, the court determined that the trial court did not err in mandating that husband be primarily liable on the debt. *Id.* at 646.

*Welch* is similar to the present case. Wife did not sign the loan instrument. However, she knew that husband was obtaining the loan and recognized that it was for their "house payment." Moreover, the debt was incurred during the marriage. The parties stipulation and agreement granted wife the marital residence. However, she agreed to take the property "subject to the indebtedness thereon, and ... [agreed] to pay said indebtedness." The trial court properly concluded that this loan was assigned to wife in the original decree. Accordingly, the money judgment against wife is proper. Point denied.

The trial court's judgment, as modified herein, is affirmed. Costs assessed to wife.

KAROHL and WHITE, JJ., concur.

---

**2.** Wife cites this statute as § 566.120. As there is no such statute, we assume it is a mistake and take her argument to discuss § 516.120.