**Natalie ROGERS, Appellant,**

v.

**James D. ROGERS, Respondent.**

No. WD 50519.

Missouri Court of Appeals, Western District.

March 12, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 30, 1996.

Application to Transfer Denied June 25, 1996.

Mary Ann Drape, Kansas City, for appellant.

Gabriel Andrew Domjan, Independence, for respondent.

Before ELLIS, P.J., and HANNA and SPINDEN, JJ.

HANNA, Judge.

The mother appeals the circuit court's modification of the dissolution decree. She claims that the court erred in awarding joint legal custody, reducing the father's child support, and giving each parent the right to claim one child as a dependent for income tax purposes.

The parties' marriage was dissolved on February 18, 1992. The mother was awarded sole legal and physical custody of the two minor children: Danielle, born July 20, 1986, and Seth, born April 25, 1989. The father was awarded reasonable visitation rights, including every other weekend, alternating holidays, and two weeks every summer. The father's mother received visitation one week every summer.

The court ordered the father to pay child support in the amount of $247.06 per week, calculated in accordance with Rule 88.01. It further ordered the father to pay sixty-five percent of day care expenses and to provide health insurance. At the time of the dissolution proceedings, day care expenses totalled $688 per month. So the father's share equalled $447.20 per month. The court allowed the father an abatement of support during his summer visitation with the children but it did not allocate tax exemptions between the parties.

On September 23, 1993, the father moved to modify the decree of dissolution as to child custody and child support. He sought joint legal custody of the children, with the mother remaining the primary physical custodian, and a reduction in his child support obligation. The mother also filed a motion to modify, which requested an increase in the father's child support obligation.

The circuit court adopted the commissioner's recommendations, which ordered joint legal custody of the children, granted the father an additional week of summer visitation, and ordered one tax exemption to each parent. The court also held that the father was entitled to an abatement of his child support and day care obligation for the year 1994, as well as a reduction in his child support obligation.

■ This court will affirm the trial court's judgment unless the judgment is clearly against the weight of the evidence or the judgment erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). On appeal of a custody order, we view the evidence in the light most favorable to the decision of the trial court. *Alt v. Alt*, 896 S.W.2d 519, 520 (Mo.App. 1995).

In her first point, the mother contends that the trial court erred in modifying the decree by awarding joint legal custody. She argues that the modification was not supported by substantial evidence of changed circumstances.

■ Pursuant to § 452.410.1, RSMo 1994, the court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is in the best interests of the child. The change must relate to the circumstances of the child or his custodian, not the noncustodial parent. *In re Marriage of D.L.(B.)M.*, 783 S.W.2d 473, 474 (Mo.App.1990).

The controversy here centered on the ability of the parents to communicate. The father testified that, although he and the mother had not communicated well in the past, it was getting better. The father claims the parties' newly acquired ability to set aside their differences and to work together in a joint custody arrangement constituted a change in circumstances. As evidentiary support for this proposition, the father cites his testimony that the two have gotten along better in communications and the mother's statement that the two have been communicating of late. However, the mother testified that communications remained the key problem. She testified, "[a]nd yes, of late we have been communicating; however, it's as long as I am saying something that he agrees with. And if it's not something he agrees with, then all talks are off."

The father also claims that he would have better access to the children's medical and school records if he was awarded joint legal custody. The father complains that the mother failed to provide written documentation of day care costs, school activities, and medical information. The evidence indicates, however, that the father was provided written documentation for day care costs, and medical and school records.

■ When custody was adjudicated at the time of the dissolution proceeding, the mother was deemed the suitable custodial parent. *Id.* It is presumed that she remains the suitable party. *Burden v. Burden*, 811 S.W.2d 818, 820 (Mo.App.1991). Because the father is seeking a change in the custody arrangement, he has the burden of proving a change in circumstances of the children or the mother and that modification is necessary to serve the best interests of the chil-

dren. *Adams v. Adams,* 812 S.W.2d 951, 956 (Mo.App.1991). Joint custody requires "that the parents share the decision-making rights, responsibilities, and authority relating to the health, education and welfare of the child," and that the parents confer with one another in the exercise of this responsibility. § 452.375, RSMo 1994.

■■■ The father presented abbreviated testimony that the parents are communicating better now than at the time of their dissolution. However, an award of joint legal custody requires more than that the two parents "have gotten along better in communications." The evidence presented by the father does not allay the concerns that accompany the need for reasonable and cooperative efforts of shared authority in the major decisions of the children. An award of joint custody cannot be an experiment that hopefully may prove beneficial to the children. The paramount concern of the court in determining custody is the best interest of the children, not the interests of one particular parent. The evidence is lacking here that the father and mother have a commonality of beliefs concerning parental decisions, and a willingness, as well as an ability, to function as a unit in making those decisions. *Burkhart v. Burkhart,* 876 S.W.2d 675, 680 (Mo. App.1994). Accordingly, we find the order granting joint legal custody to be unsupported by the evidence.

The mother also argues that the trial court erred in granting the father an additional week of summer visitation. The court gave the father a week of summer visitation that the dissolution court had originally granted to the father's mother. The mother claims that this was not in the best interests of the children because he "secreted" the children during a previous summer visit. The evidence supports the trial court's determination that the additional week of summer visitation was in the best interest of the children.

The mother's second point contends that the trial court's joint custody award did not include a written joint custody plan as required by § 452.375.7, RSMo 1994. In light of our resolution of the first point, we need not address whether the joint custody plan was sufficient.

In her third point, the mother argues that the trial court erred in its reduction of child support because the order does not specifically state that it is in compliance with Rule 88.01. In her argument section of the brief, which consisted of two short paragraphs, she fails to specify how or in what manner the trial court failed to comply with Rule 88.01.

■■ When a matter referenced as alleged error in a point relied on is not developed in the argument portion of the brief, the matter is deemed abandoned. *Saunders–Thalden and Assoc. v. Thomas Berkeley Consulting Engineer, Inc.,* 825 S.W.2d 385, 387 (Mo.App. 1992). It is not the function of this court to search the record to identify possible circuit court errors and to research issues so revealed. *Satterlee v. U.S.,* 862 S.W.2d 365, 366 (Mo.App.1993). The mother's argument that the trial court's order did not comply with Rule 88.01 is denied.

In her fourth point, the mother argues that the trial court erred in reducing child support without a prima facie showing that the reduction would result in a change of child support from the existing amount by twenty percent or more. Section 452.370.1, RSMo 1994, states:

> [I]f the application of the guidelines and criteria set forth in supreme court rule 88.01 to the financial circumstances of the parties would result in a change of child support from the existing amount by *twenty percent* or more, then a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable. (emphasis added).

The actual dollar reduction was $186 a month. This reduction results from a change in day care expenses and changes in the parents' income.

■■ The child support award of any decree may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. § 452.370, RSMo 1994; *Beeler v. Beeler,* 820 S.W.2d 657, 662 (Mo.App.1991). In determining what constitutes a substantial and continuing change of circumstances, the

court is to consider all financial resources of both parties, including the extent to which their expenses should be shared by a present spouse. *Beeler*, 820 S.W.2d at 662.

The mother erroneously argues that there must be a twenty-percent change in the child support amount when calculated pursuant to Form 14 before a modification of support can be ordered. The statute provides that a twenty-percent change constitutes a prima facie case of substantial and continuing change; however, it does not *require* that the movant show a twenty-percent change in order to meet his burden of proving a substantial and continuing change. Proof, by itself, that the financial circumstances of the parties would result in a change of child support from the existing amount by twenty percent or more establishes a prima facie showing of a change in circumstances so substantial and continuing as to make the present terms unreasonable. It mandates a child support award in conformity with the criteria set forth in Rule 88.01. *Frisella v. Frisella*, 872 S.W.2d 637, 642 (Mo.App.1994). In *Locke v. Locke*, 901 S.W.2d 912 (Mo.App.1995), the father did not establish a prima facie case under the twenty-percent rule of § 452.370.1. The court observed however, that the father could establish changed circumstances independent of the twenty-percent rule. *Id.* at 915. The father here was not bound to prove a change of circumstances only by the twenty-percent rule. Point denied.

In her final point, the mother contends that the trial court erred in granting the father one minor child for the purpose of an income tax dependency exemption because the court did not include the required language in its decree to carry out its order.

Missouri courts have long recognized the trial court's jurisdiction to allocate tax exemptions between parents. *Roberts v. Roberts*, 553 S.W.2d 305, 307 (Mo.App.1977). However, a court must exercise its power to allocate tax exemptions in accordance with the Internal Revenue Code. *Vohsen v. Vohsen*, 801 S.W.2d 789, 790 (Mo.App.1991). Generally, the custodial parent is entitled to income tax exemptions for dependent children, but a noncustodial parent may take the

exemption if, "(A) the custodial parent signs a written declaration [IRS Form 8332] ... that such custodial parent will not claim such child as a dependent ... and (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return...." 26 U.S.C.A. § 152(e)(2) (Supp. 1995).

In this case, the trial court ordered that the father claim Danielle for tax purposes and that the mother claim Seth for tax purposes. This order fails to effectuate the allocation by requiring the custodial parent to annually sign the declaration. *Vohsen*, 801 S.W.2d at 792. Further, the order failed to make the father's right to claim his daughter for tax purposes contingent upon his payment of child support and failed to establish a deadline for signing the declaration. *Id.* Therefore, the case is remanded to the trial court to modify its order to comply with 26 U.S.C.A. § 152(e)(2).

The parts of the trial court decree awarding joint legal custody and awarding income tax exemptions are reversed and remanded for modification of the order in compliance with this opinion. In all other respects, the modification decree is affirmed.

All concur.