In re the MARRIAGE OF Sheila Annette GARMAN and Stephen Eugene Garman.

Sheila Annette GARMAN, Respondent,

v.

Stephen Eugene GARMAN, Appellant.

No. 21594.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 9, 1998.

Allan C. Wilcox, Joplin, for Respondent.

James R. Spradling, Carthage, for Appellant.

CROW, Judge.

Stephen Eugene Garman appeals from a decree dissolving his marriage to Sheila Annette Garman. Stephen[1] maintains the trial court erred in ordering him to pay Sheila: (a) $400 child support per month and (b) $500 for attorney fees.

One child was born of the marriage. The trial court awarded Sheila custody of the child—age eight at time of trial—and granted Stephen specific visitation rights.

Cross-examination of Sheila established that her monthly gross income is $1,462.50.

Stephen testified his monthly gross income "may be" $850. On cross-examination, he conceded he revealed in a deposition that he made $22,000 in 1995 (the year before trial). Stephen also acknowledged he had been pastor of a church for seven years, earning $300 per week in that capacity. However, he explained he last preached two months before trial and the congregation had not invited him back. He attributed that "partly" to "the fact that [I'm] getting divorced and that allegations, of adultery have been made against [me]."

Stephen presented the trial court a "Form 14."[2] The court received it in evidence as Exhibit B, without objection.

Exhibit B listed Sheila's monthly gross income as $1,462 and Stephen's monthly gross income as $850. Based on those figures, Exhibit B showed a presumed child support amount of $423 per month, Sheila's share being $270 and Stephen's share being $152.[3]

Sheila tendered no Form 14.

The $400 per month child support the trial court commanded Stephen to pay Sheila is $248 more than the $152 shown as Stephen's presumed child support obligation on Exhibit B.

In a timely motion for new trial, Stephen averred the child support award was erroneous in that the only Form 14 before the trial court (Exhibit B) showed Stephen's presumed child support obligation was $152 per month and the trial court deviated from Rule 88[4] by awarding a higher amount without finding that $152 is unjust or inappropriate.

The trial court conducted a hearing on Stephen's motion for new trial. There, Stephen's lawyer called the court's attention to the court's "docket sheet." The docket sheet, a component of the record on appeal, shows child support is "set at $400.00 per . . . Month." The sheet further shows: "Said amount is in accordance with Rule 88, Form 14, and statutory guidelines and calculations."

Stephen's lawyer argued that inasmuch as (1) the docket sheet showed the child support was in accordance with Rule 88 and Form 14, and (2) the only Form 14 before the trial court—Exhibit B—showed Stephen's pre-

1. For convenience and clarity, we refer to the parties by their respective forenames. We mean no disrespect.

2. Civil Procedure Form No. 14. Presumed Child Support Amount Calculation Worksheet. Missouri Rules of Court (West 1996) p. 397. References to rules in this opinion are to that version.

3. An alert reader will recognize $270 and $152 total $422, a dollar short of the presumed child support amount.

4. Rule 88.01(e) reads, in pertinent part:

"There is a rebuttable presumption that the amount of child support calculated pursuant to . . . Form No. 14 is the amount of child support to be awarded in any judicial . . . proceeding for dissolution of marriage. . . . It is sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to . . . Form No. 14 is correct if the court . . . enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate."

sumed child support obligation was $152 per month, the trial court should either grant him (Stephen) a new trial or set his child support obligation at $152 per month.

During the hearing, the trial court said, *inter alia:*

"The judgment probably should read in deviation form [sic], Rule 88.... [T]he [docket sheet] should have been marked as deviating from Rule 88, Form 14.... Someplace in ... depositions it was indicated that [Stephen] was capable and, in fact, had made $22,000 per year.... I don't know if that came out in direct testimony or whether it came out of the deposition, but that deposition was offered into evidence."

The court declared the docket sheet should have shown the $400 per month child support "is a deviation from Rule 88 and Form 14 guidelines with the Court expressly finding that it would be unjust and inappropriate to follow said guidelines in this case." The court announced it would "make that correction on [the docket sheet]" and prepare an amended judgment. The court told Stephen's lawyer: "[T]here was evidence that [Stephen] made substantially more money than put forth on that Form 14, and that's one basis for deviating from that."

At the conclusion of the hearing, the trial court denied Stephen's motion for new trial. Thirteen days later, the trial court filed an amended decree, again ordering Stephen to pay Sheila $400 per month child support.[5] The amended decree recited: "Said amount is a deviation from Rule 88 and Form 14 guidelines with the Court expressly finding that it would be unjust and inappropriate to follow said guidelines in this case."

Stephen's first point relied on reads:

"The trial court erred in ... awarding child support ... of $400.00 to [Sheila] because said award was not supported by

the evidence, was against the weight of the evidence, and erroneously applied the law in that the requirements of section 452.340.7 RSMo. and Supreme Court Rule 88.01 were not met. Specifically, (1) the court rejected the only Form 14 calculation for child support, (2) the court failed to do its own correct presume [sic] child support amount worksheet calculation, and (3) the trial court failed to articulate for the record how it calculated its presumed child support calculation worksheet by separate written findings, findings in the judgment entry, or by oral findings on the record."

In *Woolridge v. Woolridge*, 915 S.W.2d 372, 377–83 (Mo.App. W.D.1996), cited by Stephen, the Western District of this court set forth a clear and comprehensive explanation of Rule 88.01 and Form 14 and provided step-by-step guidance for trial courts in applying the rule and using the form.

In *Neal v. Neal*, 941 S.W.2d 501, 504 (Mo. banc 1997), the Supreme Court of Missouri reversed a child support award in a decree of dissolution of marriage and remanded the case, instructing the trial court to follow the directives in *Woolridge*. We infer from *Neal* that the Supreme Court endorses *Woolridge*.

*Woolridge* explains the difference between (a) *rejecting* a Form 14 calculation as being incorrect and (b) *rebutting* the presumed child support amount calculated per Form 14 as being unjust or inappropriate. 915 S.W.2d at 378.

According to *Woolridge*, a trial court *rejects* a party's Form 14 calculation when such court finds: (1) an item is incorrectly included in the calculation, (2) an amount of an item included in the calculation is incorrect, or (3) the mathematical calculation itself is incorrect. *Id.* at [16]. In contrast, *Woolridge* explains that *rebuttal* of the presumed child support amount calculated per Form 14

---

5. Stephen's notice of appeal was filed within the time required by Rules 81.04(a), 81.05(a) and 44.01(a) following the denial of his motion for new trial. The amended decree was filed after the notice of appeal, on a date 103 days after the original decree. The amended decree does not identify any statute or rule authorizing amendment of a decree after a delay of that length. Rule 75.01 grants trial courts control over judg-

ments for only the thirty-day period after entry. However, neither party raises any issue about the trial court's authority to file the amended decree. Because of our disposition of this appeal, we need not determine whether the trial court was empowered to enter the amended decree. If the trial court was so empowered, Stephen's notice of appeal was premature, but its validity is not impaired. Rule 81.05(b).

occurs when the trial court determines the amount, although correctly calculated, is unjust or inappropriate.[6]  *Id.* at 378-79[17].

In the instant case, Stephen's first point avers the trial court *rejected* Stephen's presumed child support obligation calculated on Exhibit B—the only Form 14 presented to the court.  The record supports Stephen's position.

The trial court's remarks at the hearing on Stephen's motion for new trial reveal the court ordered Stephen to pay more child support than the $152 per month on Exhibit B because, *inter alia,* the evidence showed Stephen had, in the past, earned more income than the $850 per month attributed to him on Exhibit B. The only inference we can draw is that the trial court *rejected* Exhibit B because the exhibit lists Stephen's monthly gross income at $850, an amount the trial court believed was too low.

*Woolridge* explains that where a trial court rejects a party's Form 14 and does not accept the adverse party's Form 14—there was none here—the court must make its own calculation of the presumed child support amount per Rule 88.01 and Form 14. *Id.* at 380-81[25].  Failure to do so is reversible error.  *Id.* Furthermore, in such circumstances the court must (a) prepare its own Form 14, or (b) articulate on the record how it calculated its Form 14 amount.  *Id.* at 381-82.  Only then can an appellate court accurately review the trial court's determination of the presumed child support amount.  *Id.* at 381.

Once the trial court calculates the presumed child support amount, the court then has discretion to determine whether, after consideration of all relevant factors, the amount so calculated is unjust or inappropriate.  Rule 88.01(e)[7]; *Woolridge,* 915 S.W.2d at 379.

Here, the trial court evidently believed it should impute more income to Stephen than

the $850 per month on Exhibit B.  *See: Schroeder v. Schroeder,* 924 S.W.2d 22, 27[11] (Mo.App. E.D.1996); *Wagner v. Wagner,* 898 S.W.2d 649, 650[3] (Mo.App. E.D.1995); *Henderson v. Henderson,* 822 S.W.2d 474, 476[5] (Mo.App. E.D.1991).  However, because the trial court failed to make its own calculation of Stephen's presumed child support obligation, the record yields no clue as to the amount of income the court believed it should impute to Stephen—or, for that matter, to Sheila.

With the record in that posture, appellate review of the child support award is impossible, hence the portion of the decree ordering Stephen to pay Sheila $400 child support per month must be reversed and the case must be remanded to the trial court for further proceedings in compliance with *Woolridge.* 915 S.W.2d at 377.  Having decided that, we need not decide whether the trial court was empowered to enter the amended decree,[8] as the only difference between the original decree and the amended decree is in the provisions pertaining to child support.

As reported in the first paragraph of this opinion, Stephen's other complaint in this appeal is that the trial court erred in ordering him to pay Sheila $500 for attorney fees. Stephen cites no case in support of that complaint.

This court determines no error of law appears in the attorney fee award and an opinion on that issue would have no precedential value.  That portion of the decree is affirmed in compliance with Rule 84.16(b)(5).

All portions of the decree of dissolution of marriage pertaining to child support are reversed and the case is remanded to the trial court for further proceedings regarding child support in compliance with this opinion and *Woolridge,* 915 S.W.2d at 377-83.[9]  All other provisions of the decree are affirmed.  Costs

6.  Rule 88.01(e), footnote 4, *supra.*

7.  Footnote 4, *supra.*

8.  Footnote 5, *supra.*

9.  If the trial court was empowered to enter the amended decree of dissolution of marriage—an

issue noted in footnote 5, *supra,* but not decided—the disposition of this appeal carries with it a reversal of all portions of the amended decree pertaining to child support, but leaves the remainder of the amended decree intact.

of this appeal are taxed half against Stephen and half against Sheila.

GARRISON, P.J., and PREWITT, J., concur.